## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

RICHARD CLIFTON WHITLOCK, JR. V. SUPERINTENDENT OF THE VIR-
GINIA STATE PENITENTIARY.

November 27, 1972.

Record No. 7989.

Present, Snead, C.J., Carrico, Harrison, Cochran, Harman and Poff, JJ.

*Judson T. Vaughan, Jr.,* for plaintiff in error.

*James E. Kulp, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

COCHRAN, J., delivered the opinion of the court.

Richard Clifton Whitlock, Jr., appeals from the judgment order entered July 27, 1971, denying and dismissing his petition for a writ of habeas corpus. The question for our determination is whether Whitlock was denied his right to a speedy trial guaranteed under the Sixth Amendment to the United States Constitution.

On August 2, 1964 three men robbed a store owned by J. R. Mills, after tying up his employee, Sam Melton. Upon investigation an arrest warrant was obtained for Whitlock but he could not be found, and a fugitive warrant was issued for him several months later. In

November, 1965, it was discovered that Whitlock was under arrest in Maryland. Warrants were forwarded to Maryland authorities who advised in February, 1966, that Whitlock would be released to Virginia authorities after completing his sentence in Maryland.

Whitlock was promptly returned to Virginia in January, 1968, upon completion of his sentence in Maryland. In the meantime, both J. R. Mills and Sam Melton had died. After he was indicted Whitlock moved to quash the indictment, alleging that he had been denied his right to a speedy trial. In the hearing on his motion it was established that the Virginia authorities had not initiated any court proceedings to bring Whitlock back to Virginia for trial during the period of his incarceration in Maryland. No contention was made by Whitlock that he had asked to be brought back. He did argue that he was prejudiced because of the death of Melton, who, though a victim of the robbery and indeed, the only eyewitness, might not have been able to identify Whitlock as one of the robbers. The trial court, finding no possibility of prejudice to Whitlock, denied his motion, to which ruling no error was assigned on direct appeal. At Whitlock's trial on September 10, 1968, he was implicated in the robbery by testimony of an accomplice. The jury found him guilty and fixed his punishment at five years in the penitentiary. Judgment was entered on the verdict.

At the habeas hearing Whitlock testified that in 1966, while imprisoned in Maryland, he had written letters to the Governor of Virginia and to the clerk of the trial court requesting a speedy trial. There was no corroboration of this testimony. No such letters or copies were produced, and the record fails to show that any effort was made to produce them. The trial court, while expressing disbelief in Whitlock's testimony, based its rejection of his petition upon the factual determination that no prejudice to Whitlock had resulted from the delay in bringing him to trial.

In *Smith* v. *Hooey*, 393 U.S. 374 (1969), it was held that a state has a constitutional duty, upon request of a federal prisoner, to make a diligent, good-faith effort to bring him to trial in the state court. But in *Barker* v. *Wingo*, 407 U.S. 514 (1972), the Supreme Court propounded a balancing test, in which the conduct of the prosecution is weighed against the conduct of the defendant, to determine whether the right to a speedy trial has been denied. The test requires consideration of relevant factors, such as length of delay, reason for delay, the defendant's assertion of his right, and prejudice to the defendant.

In that case, after finding that any prejudice was minimal and that the defendant did not request and did not want a speedy trial, the action of the lower court in denying him relief was affirmed.

In the present case Whitlock had the burden of proving that he was denied a constitutional right. *Yates* v. *Peyton*, 207 Va. 91, 147 S.E.2d 767 (1966). The record shows that he failed to carry this burden. The trial court was justified in disbelieving Whitlock's unsubstantiated testimony, given for the first time at the habeas hearing, that he had demanded a speedy trial. Moreover, there was ample evidence to support the factual finding of the trial court that Whitlock had not been prejudiced by the delay in bringing him to trial. The only witnesses who died before trial were Commonwealth witnesses. Whitlock's contention that he was thereby prejudiced in preparing his defense is based entirely upon speculation and is without merit. Applying the balancing test approved in *Barker* v. *Wingo*, *supra*, we conclude that the trial court did not err in denying and dismissing Whitlock's petition.

*Affirmed.*