**Lee Mansell GILSTRAP, Sr., Appellant,**

**v.**

**Mills GODWIN, Governor, Commonwealth of Virginia, Appellee,**

**No. 74–2166.**

United States Court of Appeals, Fourth Circuit.

Argued Jan. 6, 1975.

Decided May 29, 1975.

Theodore S. Worozbyt, Atlanta, Ga. (Worozbyt & Beskin, Atlanta, Ga., Thomas S. Hatz, Thomas L. Barney, Thomas S. Hatz and Associates, Richmond, Va., on brief), for appellant.

Robert E. Shepherd, Jr., Asst. Atty. Gen. (Andrew P. Miller, Atty. Gen. of Virginia, on brief), for appellee.

Before CRAVEN, BUTZNER and WIDENER, Circuit Judges.

BUTZNER, Circuit Judge:

Lee Mansell Gilstrap, a Georgia prisoner under indictment in Virginia, appeals from the district court's denial of habeas corpus relief for failure to exhaust state remedies. We affirm the judgment of the district court without reaching the merits of Gilstrap's claim that he was denied a speedy trial.

In the fall of 1972, Gilstrap was indicted in both Georgia and Virginia for various crimes in connection with the distribution of barbituates and amphetamines. Between December 5, 1972, and January 17, 1973, he was tried and convicted in Georgia on four indictments and received a total sentence of eight years. In late January 1973, Georgia notified Virginia that extradition, which Virginia had initiated in December 1972, would have to follow the Interstate Agreement on De-

tainers Act. Georgia repeated its notification in May 1973.

In March 1974, Gilstrap's case was put on the inactive docket in the Circuit Court of the City of Chesapeake, Virginia. However, in June 1974, his eight-year sentence was reduced to two years. Virginia then recommenced extradition, which Gilstrap has resisted. He also promptly moved the Circuit Court to dismiss his indictment on the ground that he was denied his right to a speedy trial. On denial of his motion, he filed this petition for a writ of habeas corpus in the district court.

 Although Gilstrap has not yet been convicted on the Virginia indictment, he is currently in custody under the Virginia detainer, and his application for the writ is not premature. Nevertheless, he must first exhaust his state remedies. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 488–89, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968); Kane v. Virginia, 419 F.2d 1369, 1373 (4th Cir. 1970). By the terms of the statute, he must seek relief from the Virginia Supreme Court unless review there is unavailable or ineffective to protect his rights. 28 U.S.C. § 2254; Ham v. North Carolina, 471 F.2d 406 (4th Cir. 1973).

Gilstrap contends that he has exhausted his state remedies by his motion to dismiss the indictment. With its denial, he says, he can do no more because the Virginia Supreme Court will not review an interlocutory order denying a pretrial motion to dismiss an indictment. Sturgill v. Commonwealth, 175 Va. 584, 7 S.E.2d 141 (1940). As Woodard v. Commonwealth, 214 Va. 495, 201 S.E.2d 785 (1974), illustrates, post-trial review of a speedy trial issue is available in Virginia, but Gilstrap insists that this is an ineffective remedy.

However, post-trial review is not the only way in Virginia to secure adjudication of a claim that the state has denied a prisoner a speedy trial. Habeas corpus is available as a pretrial remedy. In Green v. Commonwealth, 40 Va. (1 Rob.) 731 (1842), the Court ordered the pretrial release of a prisoner who sought a writ of habeas corpus because the Commonwealth had not complied with a Virginia statute mandating a speedy trial. We have no reason to believe that the same procedure would not be available to test the alleged violation of the United States Constitution. Cf. Whitlock v. Superintendent, 213 Va. 429, 192 S.E.2d 802 (1972). Since 28 U.S.C. § 2254(c) requires an applicant for federal habeas corpus to first raise his claim in the state courts "by any available procedure," the district court's denial of the writ is affirmed.