Carroll Eugene STRADER, Appellant,

v.

Harry L. ALLSBROOK; Attorney General of the State of North Carolina, Rufus L. Edmisten, Appellees.

No. 81–8112.

United States Court of Appeals, Fourth Circuit.

Submitted May 13, 1981.

Decided Aug. 5, 1981.

Carroll Eugene Strader, appellant pro se.

Barry S. McNeill, Associate Atty. Gen., Raleigh, N. C., for appellees.

Before WINTER, Chief Judge, and BUTZNER and RUSSELL, Circuit Judges.

PER CURIAM:

North Carolina inmate Carroll Eugene Strader appeals the order of the United States Magistrate dismissing his claim for relief under 28 U.S.C. § 2254. Strader contends that he was denied the effective assistance of counsel when his court-appointed attorney erroneously informed him that he would be eligible for parole in ten years if he pled guilty to the crimes of second-degree burglary and armed robbery. Strader maintains that he relied on his counsel's incorrect statement of his parole eligibility in entering his guilty pleas. Because Strader has not exhausted available state remedies, we dismiss the appeal.

In his federal habeas corpus petition, Strader indicates that he was not informed until 1980 of his counsel's erroneous advice regarding parole eligibility. Strader thereafter sought relief on this ground by filing a motion for appropriate relief in the court of his conviction and a petition for writ of certiorari in the North Carolina Court of Appeals. Upon denial of both applications, Strader brought this action in federal court.

Prior to 1978, decisions of the North Carolina Court of Appeals in post-conviction proceedings were final and were not subject to further review by the Supreme Court of North Carolina. N.C.Gen.Stat. § 7A–28 (1969 Repl. Vol.) (repealed 1978). Effective July 1, 1978, the North Carolina legislature abolished this limitation and extended appellate review to the state's highest court. *Id.*; N.C.Gen.Stat. §§ 7A–31, 15A–1422(c), –1444(f), (g) (Supp. 1979). Since Strader

has not sought review of his claim by writ of certiorari to the Supreme Court of North Carolina, he has not presented his claim "by any available procedure" as is required to satisfy the exhaustion requirement of 28 U.S.C. § 2254(b). 28 U.S.C. § 2254(c).

Respondents, in their answer, incorrectly pleaded that "Strader had exhausted his State court remedies ... and is entitled to adjudication of [his] contentions on the merits." We hold that this statement is neither conclusive nor a waiver of the exhaustion requirement by the state, and we decline to reach the merits of Strader's claims before affording the state courts full opportunity to consider Strader's contentions. *See Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Durkin v. Davis*, 538 F.2d 1037 (4 Cir. 1976); *Gilstrap v. Godwin*, 517 F.2d 52 (4 Cir. 1975). *Cf. Jenkins v. Fitzberger*, 440 F.2d 1188 (4 Cir. 1971) (state attorney general requested federal district court to reach merits of petition, notwithstanding petitioner's failure to exhaust state remedies, on ground that contentions were patently meritless).

We dispense with oral argument because the dispositive issue recently has been decided authoritatively. A certificate of probable cause to appeal is denied, and the appeal is dismissed.