**Ivery SWEEZY, Appellant,**

v.

**Sam P. GARRISON, Warden and State of North Carolina, Appellees.**

**No. 82–6352.**

United States Court of Appeals, Fourth Circuit.

Argued Nov. 9, 1982.

Decided Dec. 6, 1982.

Gary S. Cash, Asheville, N.C. (Whalen, Hay & Cash, Asheville, N.C., Charles T.L. Anderson, Apex, N.C., N.C. Prisoner Legal Services, Inc. on brief), for appellant.

Richard N. League, Sp. Deputy Atty. Gen., Raleigh, N.C. (Rufus L. Edmisten, Atty. Gen. of North Carolina, Raleigh, N.C., on brief), for appellees.

Before WIDENER and SPROUSE, Circuit Judges, and GORDON,* Senior District Judge.

PER CURIAM:

Ivery Sweezy appeals from a decision of the district court, 554 F.Supp. 481, dismissing on the merits his petition for a writ of habeas corpus. Although the petitioner failed to exhaust his state remedies, the Attorney General of North Carolina unconditionally waived, in his responsive pleadings, the exhaustion requirement. It therefore is appropriate for us to consider the merits of petitioner's appeal. *Jenkins v. Fitzberger,* 440 F.2d 1188 (4th Cir.1971); cf. *Harding v. North Carolina,* 683 F.2d 850 (4th Cir.1982) (holding invalid conditional waiver of exhaustion).

The petitioner claimed that the trial court's failure to hold a hearing during the trial on petitioner's competency to stand trial denied him due process of law. The petitioner also claimed that trial counsel's failure to move for such a competency hearing denied him effective assistance of counsel. For the reasons stated by the district court, we find the petitioner's claims to be without merit.

The judgment of the district court is accordingly

AFFIRMED.

* United States District Court for the Middle District of North Carolina, sitting by designation.