**John Lester HYMAN, Petitioner,**

v.

**Sam P. GARRISON, et al., Respondents.**

**No. 82–1111–HC.**

United States District Court,
E.D. North Carolina,
Raleigh Division.

Feb. 25, 1983.

Order June 27, 1983.

Irving Joyner, Currie, Simmons, Pugh & Joyner, Raleigh, N.C., for petitioner.

Richard N. League, Sp. Deputy Atty. Gen., Raleigh, N.C., for respondents.

JAMES C. FOX, District Judge.

Petitioner, a state inmate, initiated this action seeking the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1976) by petition filed September 15, 1982. The case is before the court on respondents' motion to dismiss.

Petitioner entered his pleas of guilty to charges of armed robbery, aggravated kidnapping, and felonious assault at the December 12, 1980, session of Cumberland County Superior Court. Upon his plea, he received two consecutive sentences of life imprisonment. The kidnapping and felonious assault charges were consolidated for the purposes of the latter sentence. Petitioner did not appeal from his sentence or conviction; however, he initiated a post-conviction proceeding in the state court pursuant to N.C.Gen.Stat. § 15A–1411 et seq. His application for relief was denied at the trial and appellate levels.

Petitioner contends that his rights were violated in that, (1) his plea was involuntary; (2) he was not informed of the mandatory minimum sentence; (3) he received multiple sentences for the same offense; and (4) he was threatened with being charged as an habitual felon if he did not plead guilty.

Petitioner's contentions (1), (3), and (4) were presented to the state courts in the application for post-conviction relief. Petitioner has properly exhausted his available state court remedies with regard to those contentions. *Strader v. Allsbrook*, 656 F.2d 67 (4th Cir.1981). Petitioner has not presented contention (2) to the state courts; however, respondents have unconditionally waived exhaustion with regard to this contention, and the court may properly reach the merits thereof. *Sweezy v. Garrison*, 694 F.2d 331 (4th Cir.1982).

■ Petitioner contends that he was not informed of the mandatory minimum sentence for armed robbery. At the time petitioner was sentenced, armed robbery carried a minimum sentence of seven years. N.C.Gen.Stat. § 14–87. Aggravated kidnapping, with which petitioner was also charged, carried a mandatory minimum sentence of 25 years. N.C.Gen.Stat. § 14–39. Petitioner clearly was informed of this mandatory minimum sentence. The court's failure to inform petitioner of the shorter minimum sentence is not error of constitutional magnitude. *Bryant v. Cherry,* 687 F.2d 48, 50 (4th Cir.1982).

■ Petitioner also contends that he was subjected to multiple punishment for the same offense. Petitioner was charged with the armed robbery of a gas station, with kidnapping the gas station attendant, and with shooting the attendant. Conviction of each of these crimes required proof of differing elements. Each charge required separate and distinct proof, and clearly plaintiff may be subjected to separate punishment for each crime. See *Whalen v. United States,* 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980).

Petitioner's remaining contentions concern the alleged threat to punish him as an habitual felon should he refuse to plead guilty. Petitioner contends that he could not have been legally subjected to such a charge, that the threat of the habitual felon charge induced him to plead guilty, in contravention of his due process rights, and that counsel's failure to ascertain whether an habitual felon charge could properly be asserted constituted ineffective assistance of counsel, in violation of petitioner's Sixth and Fourteenth Amendment rights.

As reflected by the "transcript of plea" entered into between petitioner, his attorney, and the prosecutor, the state did agree not to charge petitioner under the habitual felon act in exchange for petitioner's pleas of guilty. Apparently the only other consideration for the guilty plea was the agreement that the charges of felonious assault and aggravated kidnapping be consolidated for judgment. The agreement provided that both parties were free to argue as to sentence, although counsel for defendant elected not to do so. It appears from the face of the transcript of plea that the state's forbearance of the habitual felon charge was a substantial inducement for the pleas.

■ North Carolina's Habitual Felon Act, N.C.Gen.Stat. § 14–7.1 et seq. (1981) provides that any person ". . . who has been convicted of or pled guilty to three felony offenses in any federal court or state court in the United States or combination thereof is declared to be an habitual felon." Petitioner contends that he had been convicted of two felonies in the State of New York prior to being indicted for the instant offenses. He contends that, as a matter of law, he could not have been charged with, or convicted of, being an habitual felon under North Carolina law. There is nothing in the record to contradict petitioner's assertion that he had been convicted of only two felonies at the time of the indictment in this case. If this is true, then petitioner could not have been subjected to an habitual felon charge in the instant case. Respondents' assertion that petitioner would have been subject to an habitual felon charge upon his conviction in the case in question is erroneous. North Carolina's Habitual Felon Act is clearly explained in *State v. Allen,* 292 N.C. 431, 233 S.E.2d 585 (1977). Justice Exum explained the act thusly:

> Properly construed this act clearly contemplates that when one who has already attained the status of an habitual felon is indicted for the commission of another felony, that person may then be also indicted in a separate bill as being an habitual felon. It is likewise clear that the proceeding by which the state seeks to establish that defendant is an habitual felon is necessarily ancillary to a pending prosecution for the "principal," or substantive, felony. The act does not authorize a proceeding independent from the prosecution of substantive felony for the sole purpose of establishing a defendant's status as an habitual felon.

233 S.E.2d at 587. One must be charged as an habitual felon prior to the entry of a plea or a conviction on the substantive offense. Id. The prosecution may not use the conviction of the substantive offense to satisfy the requirements of the habitual felon act. Simply stated, a person may not be indicted as an habitual felon until he is indicted for his *fourth* felony offense. Accordingly, assuming the truth of petitioner's allegation concerning his prior criminal record, he could not have been charged as an habitual felon in the offense in question, and any assertion that he could have been so charged was a misstatement of the law.

The question now presented is whether petitioner would be entitled to habeas relief if the misstatement of the law is proved. The Supreme Court has held that threatening a defendant with the imposition of an additional charge, which charge is supported by the law and the evidence known to the prosecutor, in an attempt to induce a defendant to plead guilty, is entirely legal. *Bordenkircher v. Hayes,* 434 U.S. 357, 363, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). However, threatening a defendant with charges which, as a matter of law, cannot be sustained renders the plea of questionable validity. See, e.g., *United States ex rel. Hill v. Ternullo,* 510 F.2d 844, 847 (2d Cir.1975).

While the allegations raise at least a palpable Fifth Amendment issue, the court is more concerned with the Sixth Amendment issue. Plaintiff was entitled to the effective assistance of counsel upon the entry of his guilty pleas. *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). Assuming, (1) petitioner could not legally have been subjected to an habitual felon charge; and (2) his attorney erroneously advised him that such a charge could stand; and (3) petitioner substantially relied upon this advice and upon the state's forbearance of the habitual felon charge in entering his plea, then petitioner may well be entitled to the relief requested. See *Sumlin v. Nelson,* 471 F.2d 295 (9th Cir.1972); *Strader v. Garrison,* 611 F.2d 61, 64 (4th Cir.1979). Disputed issues of fact remain to be decided with regard to each of the three issues listed above. Accordingly, the motion to dismiss is denied. The Clerk is directed to schedule this case for an evidentiary hearing before a United States Magistrate at such time as the court's calendar will permit.

SO ORDERED.

### ORDER

By order dated February 24, 1983, the court directed that this habeas corpus proceeding be scheduled for an evidentiary hearing on petitioner's claim that his guilty pleas in state court were unconstitutionally obtained. By letter dated June 16, 1983, counsel for respondents informed the court that, after further investigation, respondents would stipulate to petitioner's version of the events as related in the court's previous order, thereby rendering a hearing unnecessary.

Accordingly, the petition is ALLOWED. The state is directed to either retry petitioner within sixty days of this order or to release him from custody. The court expresses its gratitude to Mr. League for his diligent investigation of this matter and for his efforts in bringing the action to resolution.

SO ORDERED.