**Lindsey SCOTT, Corporal United States Marine Corps, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

Civ. A. No. 84–0243–A.

United States District Court, E.D. Virginia, Alexandria Division.

May 16, 1984.

Gary R. Myers, Howard & Howard, P.C., Alexandria, Va., for petitioner.

Nash W. Schott, Asst. U.S. Atty., Alexandria, Va., for respondent.

## MEMORANDUM OPINION

RICHARD L. WILLIAMS, District Judge.

### I. *Factual Background*

From October 3 through October 12, 1983, Petitioner Lindsey Scott was tried by general court martial in Quantico, Virginia, and convicted of four charges involving rape, sodomy, and attempted murder. Scott was sentenced to have his pay grade reduced to E–1, to be confined to hard labor for thirty years, to forfeit $500.00 pay per month for thirty-six months, and to be dishonorably discharged from the United States Marine Corps. He was sent to the U.S. Disciplinary Barracks, Fort Leavenworth, Kansas for confinement pending completion of appellate review. Petitioner Scott's record is presently before the U.S. Navy-Marine Corps Court of Military Review (NMCMR) pursuant to the mandatory review procedures established by Article 65(a) and 66(b), Uniform Code of Military Justice, 10 U.S.C. §§ 865(a), 866(b).

On March 13, 1984, the Petitioner filed this action requesting a writ of habeas corpus from this Court. Petitioner contends that he did not receive effective assistance of counsel at his general court martial. Scott alleges that his counsel was totally unprepared for trial. He claims that neither his counsel nor co-counsel interviewed key defense witnesses prior to putting them on the stand. The Petitioner has attached the affidavits of seven defense witnesses (two of whom are allegedly alibi witnesses) who categorically state that counsel for defendant Scott did not interview them before trial.

This matter comes before the Court on the Government's Motion to Dismiss either for lack of jurisdiction or for petitioner's failure to exhaust his military appellate remedies. For reasons stated in more detail below, this Court grants the Government's Motion to Dismiss.

### II. *Legal Analysis*

#### A. Motion to Dismiss for Lack of Jurisdiction

In his Complaint, Petitioner Scott alleges 28 U.S.C. § 2255 as the jurisdictional basis for asserting his claims in this Court. That statute grants jurisdiction over a criminal defendant's challenges to his conviction through a habeas corpus petition to the court that sentenced that criminal defendant. Since this Court did not sentence Petitioner Scott, 28 U.S.C. § 2255 is not a proper jurisdictional basis for the instant habeas corpus petition.

In the alternative, Petitioner Scott requests leave to amend his Complaint in order to allege 28 U.S.C. § 2241 as the proper ground for this Court's jurisdiction over the case. That statute establishes jurisdiction in federal courts to hear those habeas corpus petitions "within their respective jurisdictions." 28 U.S.C. § 2241(a). Under this provision, a habeas corpus petition is within a court's jurisdiction if either the petitioner or his custodian is within the court's district. 28 U.S.C. § 2241(a); Rules 2 and 3 following 28 U.S.C. 2254. *See also Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 495, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1972); *U.S. v. Monteer,* 556 F.2d 880, 881 (8th Cir.1977); *Andrino v. U.S. Board of Parole,* 550 F.2d 519, 520 (9th Cir.1977). While it is true that in the present case, Petitioner Scott's court martial took place in Quantico, Virginia, an area within this Court's district, the Petitioner himself is presently confined in Fort Leavenworth, Kansas, a location outside the district governed by this Court. *See* Local Rule 3(B)(1). The bone of contention between the two parties is whether petitioner's custodian is within this Court's district. The Government claims that the Petitioner's custodian is the warden of the facility at which Petitioner Scott is incarcerated. Petitioner Scott argues that his custodian is either the Secretary of the Navy or the Commandant of the Marine Corps since each has authority over the "mitigation, remission and suspension of

sentences, parole, restoration to duty, and transfer to Federal institutions." *See* Statement of Understanding Concerning Disposition of Corrections Matters Relating to Marine Corps Prisoners Confined at the U.S. Disciplinary Barracks, Exhibit A to Petitioner's Opposition to the Government's Motion for Summary Judgment filed May 9, 1984. If the Government is correct that the Petitioner's custodian is the warden of the U.S. Disciplinary Barracks of Fort Leavenworth, Kansas, then this Court does not have jurisdiction to entertain the instant habeas corpus petition since neither the petitioner nor his custodian are within this Court's district. However, if Petitioner Scott is correct that his custodian is either the Secretary of the Navy or the Commandant of the Marine Corps, then this Court has jurisdiction over the present petition since both of these individuals are located within the district governed by this Court.

■ The appropriate respondent in a habeas corpus petition is the petitioner's immediate custodian, the warden or superintendent of the facility in which the petitioner is incarcerated.[1] Just as the state itself, its attorney general, and its director of corrections are not considered custodians of state prisoners for habeas corpus purposes, neither are the Secretary of the Navy and the Commandant of the Marine Corps considered custodians of individuals convicted of crimes by the military justice system. Instead, the warden or superintendent of the Disciplinary Barracks in which the military prisoner is incarcerated is the legal custodian under federal habeas corpus principles.

■ As a result, this Court finds that it does not have jurisdiction to consider Petitioner Scott's habeas corpus petition since neither Scott nor his custodian, the warden of the U.S. Disciplinary Barracks in Fort Leavenworth, Kansas, are within the jurisdiction of this Court.

B. Motion to Dismiss for Petitioner's Failure to Exhaust his Military Appeals Remedies

Even if this Court does have jurisdiction under 28 U.S.C. § 2241 over the instant habeas corpus petition, this Court would be forced to dismiss the petition due to the Petitioner's failure to exhaust his military appeals remedies.

■ While exhaustion is not a jurisdictional prerequisite to habeas relief, it is a matter of comity to be taken seriously by a district court. *Bowen v. Johnston*, 306 U.S. 19, 27, 59 S.Ct. 442, 446, 83 L.Ed. 455 (1939). Absent a valid excuse or extraordinary circumstances, exhaustion of state court claims is generally required.[2] *Preiser v. Rodriguez*, 411 U.S. 475, 95 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); *Strader v. Allsbrook*, 656 F.2d 67,

---

1. *See English v. Miller*, 341 F.Supp. 714, 715 (E.D.Va.1972), rev'd on other grounds, 481 F.2d 188 (4th Cir.1973) (state attorney general and state director of corrections were unnecessary parties to the petition for habeas corpus relief; appropriate respondent is the superintendent of the state penitentiary, who had custody of the petitioner pursuant to the complained of conviction and sentence imposed thereon); *Copeland v. State of Mississippi*, 415 F.Supp. 1271, 1272 n. 1 (N.D.Miss.1976) (proper respondent in state prisoner's habeas corpus proceeding was warden or superintendent of the state institution in which he was confined at the time of the commencement of the habeas proceeding and not the state itself); *Spradley v. Maynard*, 527 F.Supp. 398, 404 (W.D.Ok.1981) (the state attorney general was not the proper party to the state prison inmate's petition for a writ of habeas corpus, since the only custodian of the inmate was the state director of corrections); Advisory Committee Note to Rule 2 following 28 U.S.C. § 2254, Subdivision (a) (the proper person to be served in the usual case is either the warden of the institution in which the petitioner is incarcerated [cite omitted] or the chief officer in charge of state penal institutions).

2. The following are considered valid excuses: waiver of the exhaustion requirement by the state, *See e.g., Sweezy v. Garrison*, 694 F.2d 331 (4th Cir.1982); *Jenkins v. Fitzberger*, 440 F.2d 1188 (4th Cir.1971); ineffective state remedies, *See e.g., Ham v. North Carolina*, 471 F.2d 406 (4th Cir.1973); no available state remedies at time of filing of federal habeas petition, *James v. Copinger*, 428 F.2d 235, 242 (4th Cir.1970). Neither party contends that any valid excuse applies in this case.

68 (4th Cir.1981). The Supreme Court has held that the federal equity rule barring intervention into a pending state criminal proceeding except in extraordinary circumstances, applies to pending court martial proceedings. *Schlesinger v. Councilman,* 420 U.S. 738, 757, 95 S.Ct. 1300, 1312, 43 L.Ed.2d 591 (1975).

■ This Court finds that based on the facts presently before it, the petition in the instant case does not state facts that constitute an extraordinary circumstance sufficient to justify a decision by this Court to short circuit the military appeals process. *Bowen v. Johnston, supra.*[3] This result is also compelled by the fact that it appears that the military review process is broader than that of civilian courts in that it may consider Petitioner's charge of ineffective assistance of counsel at the court martial. *See U.S. v. DuBay,* 37 CMR 411 (1967).

Therefore, this Court determines that it must dismiss Petitioner Scott's habeas corpus petition under any theory of the facts as presented by the Petitioner.

---

**3.** *See e.g. Jackson v. Harvey,* 564 F.2d 92 (4th Cir.1977) (anticipation of adverse disposition of claims does not excuse failure to exhaust); *Wil-* *liams v. McKenzie,* 576 F.2d 566 (4th Cir.1978) (discovery of claim during habeas corpus procedure does not justify failure to exhaust).