Percy D. TAYLOR

v.

Edward MURRAY.

Civ. A. No. 3:93cv551.

United States District Court, E.D. Virginia, Richmond Division.

June 9, 1994.

Percy D. Taylor, pro se.

Thomas C. Daniel, Office of the Atty. Gen., Richmond, VA, for defendant.

## MEMORANDUM

RICHARD L. WILLIAMS, District Judge.

Percy D. Taylor, a Virginia prisoner, brings this *pro se* Section 2254 petition attacking his August 20, 1991, conviction of grand larceny. Respondent has moved to dismiss and petitioner has responded.

Attached to the petition is an "affidavit" which petitioner asserts sets forth the factual support for his claims. It is obvious that some portions of the affidavits have nothing to do with the claims petitioner is attempting to raise in his present petition.[1] The affidavit has been construed as part of the petition.

When so read, the petition raises the following claims:[2]

1. Petitioner's guilty plea was unlawfully induced.

2. At the time of his arrest, petitioner was coerced into making statements.

3. Petitioner was tried twice and sentenced twice for the same offense.

4. Petitioner was denied his right to have all charges tried in one proceeding.

5. Officers of the Court:

   A. conspired against him

   B. coerced him into pleading guilty

   C. fraudulently induced him into pleading guilty

6. Petitioner was denied effective assistance of counsel because his state appointed attorney:

   A. Failed to assert any defense

   B. Refused to call his co-employee Wade Jacobson as a witness

   C. Failed to raise a substance abuse defense

7. The Trial Court suppressed evidence favorable to petitioner by denying presentation of the pre-sentence report to the Court.

8. All decisions of the Circuit Courts as they pertain to petitioner denied him due process and equal protection of the laws.

9. The decisions of the Supreme Court denying his petition for a writ of habeas corpus (June 16, 1992) and in other matters denied him due process and equal protection of the law.

On December 8, 1992, petitioner filed a petition for writ of habeas corpus with the

---

1. The affidavit is identical in all respects to an affidavit petitioner filed in another petition he has filed in this Court, 93–CV–556.

2. Claim 1 is found as ground 1 in the petition. The affidavit sheds no further light on the claim.

   Claim 2 appears as the first part of ground 2 in the petition and in paragraph 1 of the affidavit.

   Claim 3 is the second part of ground 2 of the petition and possibly as paragraph 7 of the affidavit.

Claim 4 is found in paragraph 7 of the affidavit.

   Claims 5A, 5B and 5C are found in ground 3 of the petition.

   Claims 6A, B and C are found in ground 4 of the petition and paragraph 8 of the affidavit.

   Claim 7 is found in paragraph 6 of the affidavit.

   Claims 8 and 9 are found in paragraphs 11 and 12 of the affidavit.

Supreme Court of Virginia in which he raised the following claims: [3]

a) Conviction obtained by plea of guilty, which was unlawfully induced by coercion and intimidation (of other charges) against me at the hands of Horace Croxton, Detective, Police Dept. Richmond, Virginia; a constitutional violation.

b) This charge was brought against petitioner, as a result of violation of my 5th Amendment rights as a result of false promises and threats (by police), material evidence was produced and used against petitioner, in violation of constitutional protection.

c) I was arrested without a warrant and when charges were brought against me and warrant issued, this warrant was a separate issue, than original charge; another violation of my constitutional rights.

d) I further allege, that the appointed state public defender denied further constitutional rights, by refusing to put forth the proper defense, as requested by this petitioner, based upon Title 37.1–1(15) and 37.1–63 which demand and give certain mandate to the courts.

In addition, petitioner filed a "Response to motion to dismiss" in reply to respondent's motion to dismiss the state petition. In that document petitioner alleges that:

1. The public defender and the Commonwealth's Attorney conspired against petitioner.

2. Petitioner was denied his right to be tried on all charges against him at one time.

3. Petitioner was tried twice for the same offense.

The Supreme Court of Virginia denied petitioner's writ on May 4, 1993. In doing so, it did not address the issues raised in petitioner's response.[4]

Respondents here admit exhaustion of Claims 1, 2 and 3. They deny petitioner has exhausted claims 5 and 6. They have not addressed claims 4, 7, 8 and 9.

Absent a valid excuse, a petitioner seeking federal habeas relief must first present his claims to the state courts. *See* 28 U.S.C. § 2254(b). To satisfy the exhaustion doctrine, the claims raised in the federal proceedings must be identical to the claims raised in the state proceedings. *Pitchess v. Davis,* 421 U.S. 482, 95 S.Ct. 1748, 44 L.Ed.2d 317 (1975); *Picard v. Connor,* 404 U.S. 270, 275–76, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). While federal courts will accept an unconditional waiver of exhaustion by the state, *see Sweezy v. Garrison,* 694 F.2d 331 (4th Cir.1982), *cert. denied,* 461 U.S. 908, 103 S.Ct. 1882, 76 L.Ed.2d 812 (1983), an Attorney General's incorrect statement that remedies have been exhausted is neither conclusive nor a waiver of the exhaustion requirement. *See Strader v. Allsbrook,* 656 F.2d 67 (4th Cir.1981). Where, however, a claim not previously presented to the state's highest court would be precluded from state consideration because of a procedural bar, further exhaustion is not required. *Teague v. Lane,* 489 U.S. 288, 297–98, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989).

Claims 1 and 2 are clearly exhausted. They were presented in the state petition as Claims a and b. Claims 3, 4 and 5 were raised only in petitioner's response to respondent's motion to dismiss. In Virginia, a person seeking a writ of habeas corpus must file a petition which, "... shall contain all allegations the facts of which are known to petitioner *at the time of filing.* ..." Va. Code § 8.01–654(B)(2) (emphasis added). Rule 5:7 of the Rules of Virginia Supreme Court sets forth the procedure to be followed in original jurisdiction habeas corpus cases. Only two pleadings are permitted, an application and a responsive pleading (answer). Briefs may be filed only with the application and the responsive pleading. Rule 5:7(d). No other filings are contemplated. Indeed, none are permitted except upon orders of the Court. Rule 5:7(e).

Petitioner did not raise Claims 3, 4 and 5 in his state application as he was required to do. The Brief he submitted in reply to the

---

3. The claims are set forth verbatim.

4. Petitioner also filed a petition for rehearing, but that document raised no additional allegations relevant here.

responsive pleading was not authorized under the Rules. The Supreme Court of Virginia was not obligated to accept, read, or consider it. Indeed, the presumption is the Court followed its own rules and did not consider it. Claims 3, 4 and 5 have not been exhausted.

Va.Code § 8.01–654(B)(2) is a state procedural bar to consideration of second petition for writ of habeas corpus based upon facts known to petitioner at the time of the filing of a first petition. The rule has been strictly enforced by the Virginia Supreme Court, *see Bassette v. Thompson*, 915 F.2d 932 (4th Cir.1990). Requiring a petitioner to assert all his known claims at one time in a single document obviously serves a valid state interest in assuring finality of decisions. Moreover, requiring parties to refrain from filing any document after the initial pleadings without permission of the Court serves a valid interest in assuring the orderly processing of petitions. Petitioner never alerted the Virginia Supreme Court to a desire to amend his petition. He simply filed an unauthorized "response to motion to dismiss." Accordingly, because the Virginia Supreme Court would now hold Claims 3, 4 and 5 procedurally barred, and because invocation of that bar would provide an adequate and independent basis for dismissing those claims, they will not be further considered here. *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). Claims 3, 4 and 5 will be dismissed.

■ Claims 6, 7 and 8 have never been presented to the Supreme Court of Virginia. Again, because of Va.Code § 8.01–654(B) there exists a valid state procedural bar precluding further federal habeas review of those claims. Claims 6, 7 and 8 will be dismissed.

■ Finally, in claim 9, petitioner seeks to have this Court review decisions of the Virginia Supreme Court. In *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–86, 103 S.Ct. 1303, 1314–17, 75 L.Ed.2d 206 (1983), the United States Supreme Court held that district courts have no jurisdiction to review state court decisions in particular cases arising out of judicial proceedings even if the state court's actions were unconstitu-tional. The sole federal remedy lies in an application for certiorari to the Supreme Court of the United States. *See also* 28 U.S.C. § 1257; *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir.1988). Claim 9 will be dismissed.

An appropriate order shall issue.