# Richmond

CARLTON MORRIS HEFLIN V. COMMONWEALTH OF VIRGINIA.

November 30, 1970.

Record No. 7365.

Present, All the Justices.

*Joseph P. Kilgore*, for plaintiff in error.

*C. Tabor Cronk*, *Assistant Attorney General* (*Andrew P. Miller, Attorney General*, on brief), for defendant in error.

GORDON, J., delivered the opinion of the court.

Code § 19.1-191 requires that an accused be discharged from prosecution in a circuit court for a felony if, after the term at which the accused is held for trial, three regular terms of court pass without a trial and without excuse specified in the statute.[1] The question on this

[1] "§ 19.1-191. *Within what time an indictment for felony must be tried.*—Every person against whom an indictment is found charging a felony and held in any court for trial, whether he be in custody or not, shall be forever discharged from prosecution for the offense, if there be three regular terms of the circuit or four of the

appeal is whether that statute requires a reversal of Carlton Morris Heflin's conviction of a felony, the unauthorized use of an automobile.

Heflin was indicted and held for trial at the February 1968 term of the Circuit Court of Albemarle County. The law prescribes six regular terms for that court, beginning the first Monday in February, April, June, August, October and December. *Times for the Commencement of Regular Terms, Circuit Courts of Virginia.* 2 Va. Acts of Assembly 1968, at 1605, 1606; Va. Acts of Assembly 1966, at 1611, 1612; *see* Va. Code Ann. §§ 17-127 (1960), 30-13 (1969).

Heflin was brought to trial at the April 1969 term. His counsel then moved the court to dismiss the prosecution under Code § 19.1-191 because Heflin had not been tried within three regular terms of court. The court overruled the motion, and Heflin was convicted.

Counsel concedes that the February 1968 term, at which Heflin was indicted and held for trial, should be excluded. He concedes also that the failure to try Heflin at the December 1968 and February 1969 terms was excused by exceptions contained in Code § 19.1-191, leaving in question only the April, June, August and October 1968 terms. If three of those terms passed without excuse, we must reverse Heflin's conviction.

■ After hearing evidence, the trial court found that Heflin's case was continued at the April 1968 term by agreement of counsel. But since no court entry upon the record reflects any such continuance by agreement, we cannot accept that finding. *See Flanary* v. *Commonwealth,* 184 Va. 204, 35 S.E.2d 135 (1945).

corporation or hustings court in which the case is pending after he is so held without a trial, unless the failure to try him was caused:

(1) By his insanity or by reason of his confinement in a hospital for the insane for care and observation,

(2) By the witnesses for the Commonwealth being enticed or kept away or prevented from attending by sickness or inevitable accident,

(3) By the granting of a separate trial at the request of a person indicted jointly with others for a felony,

(4) By continuance granted on the motion of the accused or by reason of his escaping from jail or failing to appear according to his recognizance,

(5) By the inability of the jury to agree in their verdict, or

(6) Where there be no court held at the regular term or where there is court held and for any reason it would be injudicious, in the opinion of the court, to have jurors and witnesses summoned for that term, which reason shall be specially spread upon the records of the court.

But the time during the pendency of any appeal in any appellate court shall not be included as applying to the provisions of this section." Va. Code Ann. § 19.1-191 (1960).

■ The trial court concluded that the August 1968 term was excluded by clause (6) of Code § 19.1-191 because "[t]he August term is not a regular term of court at which cases are tried". But the August 1968 term was a regular term prescribed by law, and the judge's statement, even if accepted as evidence, was not to the effect that "no court" was held at that term. And in order to invoke the provisions of clause (6) of Code § 19.1-191, the Commonwealth had the burden of proving that no court was held at that term. *Flanary v. Commonwealth, supra*, at 210, 35 S.E.2d at 138.

The record suggests no other excuse for the failure to try Heflin at the April or August 1968 term and no excuse for the failure to try him at the October 1968 term.

Because Code § 19.1-191 applies, we must set aside the jury verdict, reverse the conviction order and dismiss the prosecution.

*Reversed and dismissed.*