# Richmond

### DENNIS RAY WOODARD v. COMMONWEALTH OF VIRGINIA.

January 14, 1974.

Record No. 8228.

Present, All the Justices.

*Albert L. Fary, Jr.,* for plaintiff in error.

*Gilbert W. Haith, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

COCHRAN, J., delivered the opinion of the court.

The question for determination in this appeal is whether the speedy trial provisions of Code § 19.1-191[1] (1960 Repl. Vol.) require a re-

---

[1] "Code § 19.1-191. **Within what time an indictment for felony must be tried.** —Every person against whom an indictment is found charging a felony and held in any court for trial, whether he be in custody or not, shall be forever discharged from prosecution for the offense, if there be three regular terms of the circuit or four of the corporation or hustings court in which the case is pending after he is so held without a trial, unless the failure to try him was caused:

"(1) By his insanity or by reason of his confinement in a hospital for the insane for care and observation,

versal of Dennis Ray Woodard's conviction of the felony of distributing marijuana.

Woodard was indicted and held for trial at the July, 1971, term of the Circuit Court of the City of Chesapeake. By order entered July 16, 1971, the case was continued "on motion of the Attorney for the Commonwealth until the November term of this court." By order entered December 2, 1971, "[d]ue to manifest necessity" the case was continued until January 26, 1972. When arraigned, Woodard pleaded not guilty, and his counsel moved that Woodard be forever discharged on the ground that three regular terms of the trial court had passed since he had been indicted and held for trial. The court overruled this motion. On January 27, 1972, Woodard was tried without a jury and was convicted.

The Attorney General contends that only one regular term of court had passed between Woodard's indictment and his trial. Although the court entered orders during October, November and December terms, the Deputy Clerk of the court testified that only the November term was a criminal term, that the October and December terms were civil terms, and that criminal cases are tried during civil terms only upon agreement of counsel.

All three terms, however, must be considered regular terms for purposes of the time limitation imposed by Code § 19.1-191. Although Code § 17-127[2] (1960 Repl. Vol.) authorized certain circuit court judges to designate civil terms, there is no provision that these civil terms shall not be regular terms. Indeed, this statute required that at any of the terms all criminal and chancery matters be tried.

"(2) By the witnesses for the Commonwealth being enticed or kept away or prevented from attending by sickness or inevitable accident,

"(3) By the granting of a separate trial at the request of a person indicted jointly with others for a felony,

"(4) By continuance granted on the motion of the accused or by reason of his escaping from jail or failing to appear according to his recognizance,

"(5) By the inability of the jury to agree in their verdict, or

"(6) Where there be no court held at the regular term or where there is court held and for any reason it would be injudicious, in the opinion of the court, to have jurors and witnesses summoned for that term, which reason shall be specially spread upon the records of the court.

"But the time during the pendency of any appeal in any appellate court shall not be included as applying to the provisions of this section."

[2] Code § 17-127 (1960 Repl. Vol.), repealed by Acts 1973, c. 544, provided in pertinent part:

"Unless otherwise provided, there shall be held two terms of each of the city circuit courts in each year and in each of the counties there shall be held bimonthly terms of the circuit court of such county, four of which terms in those counties in which more than four terms are provided, to be designated by the judge thereof,

The Attorney General argues that Code § 17-127 provided for only two regular terms each year of the circuit court of a city and that all other terms were special. There is nothing in the record, however, to show any designation of special terms by the judge of the trial court by order or warrant, as required by Code § 17-129. More importantly, Code § 17-127 contained the qualifying language "[u]nless otherwise provided", and the legislature has provided for additional terms of the Circuit Court of the City of Chesapeake.

The Act of the General Assembly which provided for creation of the new City of Chesapeake by consolidation of the City of South Norfolk and Norfolk County also provided that "the Circuit Court of Norfolk County shall be known as the Circuit Court" of the consolidated city, with exclusive jurisdiction of all criminal matters. Acts 1962, c. 211, § 20.01, at 314. Under the provisions of Acts 1914, c. 315, at 544, the State was divided into judicial circuits with specified court terms. The first circuit comprised Norfolk County, whose court terms were to begin on the first Monday in January, February, March, April, May, June, July, October, November, December. *See also Times for the Commencement of the Regular Terms, Circuit Courts of Virginia*, Acts 1918, at 791. This schedule, which remained unchanged when the 1950 Code took effect, continued in the first circuit after formation of the City of Chesapeake. *See Times for the Commencement of the Regular Terms, Circuit Courts of Virginia*, Acts 1964, at 1161; Acts 1966, at 1611. Although the legislature has changed the terms of court in various other circuits, *see* Code §§ 17-127.1 *et seq.* (1960 Repl. Vol.), no such changes have been made in the first circuit. Nor does the record show that the November term was omitted by order entered by the circuit judge as permitted by Code § 17-127. Therefore, the July, October, November and December terms of the Circuit Court of the City of Chesapeake were regular terms within the meaning of Code § 19.1-191.

---

shall be known as quarterly terms, at which all civil cases for which juries may be required shall be tried, unless the judge of any circuit shall enter of record that juries shall be summoned to other than the quarterly terms for the trial of civil cases. At any of the terms all criminal and chancery causes shall be tried, but the judge of the court may, in any county in which more than five terms are provided, by an order to be entered on the common-law order book of the court, omit one of the terms thereof during each year, unless the public business shall require that all of the terms be held for the proper transaction of business. The number of terms of the courts and the days for the commencement of the same shall be as fixed by law at the time this Code takes effect, but the judge of every such court may, from time to time, change the day for the commencement of the terms thereof, or any of them, . . . ."

The Attorney General attaches undue significance to the recent omission of the November term from the tables of terms of the Circuit Court of the City of Chesapeake found in the Acts of Assembly. *See Times for the Commencement of the Regular Terms, Circuit Courts of Virginia,* Acts 1968, at 1605; Acts 1970, at 1764; Acts 1972, at 1648. These tables are prepared by the Clerk of the House of Delegates as required by Code § 30-13 (1973 Repl. Vol.), and, although assembled pursuant to legislative mandate, they are not themselves legislative enactments. They constitute merely lists containing information, furnished by clerical personnel for the use and benefit of the public. *See* Revisors' Note to Code (Annotated) of 1919, § 5893. Thus, any error in the tables does not alter the legislative provision for regular terms of the Circuit Court of the City of Chesapeake in July, October, November and December.

As Woodard was indicted and held for trial at the July term, which is therefore excluded from computation of three regular terms within the meaning of Code § 19.1-191, *Butts* v. *Commonwealth,* 145 Va. 800, 807-08, 133 S.E. 764, 766 (1926), our concern is with the October, November and December terms. The burden was on the Commonwealth to prove excuse for the failure to try Woodard before these three regular terms had passed. *Heflin* v. *Commonwealth,* 211 Va. 407, 409, 177 S.E.2d 644, 645 (1970); *Flanary* v. *Commonwealth,* 184 Va. 204, 210, 35 S.E.2d 135, 138 (1945).

The Commonwealth, even with the testimony of the Deputy Clerk, failed to carry its burden of proving that no court was held at the November or December terms, an excuse allowable under clause (6) of Code § 19.1-191. Assuming, without deciding, that this testimony was admissible, it tends to explain rather than excuse the delay in bringing Woodard to trial. The Deputy Clerk testified that the judge of the trial court was ill in November and December, that the judge who had agreed to try Woodard on December 2, 1971, the last day of the November term, failed to appear on the trial date so that the case was continued because no judge was present, and that the judge of the trial court, who was "in and out of here" during December, signed some orders at his home and at least one order which showed his presence in the courthouse.

The Attorney General, relying on *Butts* v. *Commonwealth, supra,* 145 Va. at 808, 133 S.E. at 766, contends that even if none of the six excuses specified in Code § 19.1-191 applies, excuses of a similar nature prevent Woodard's discharge. The Attorney General asserts that the

July term continuance was similar to one granted on Woodard's motion, which would have been excusable under clause (4) of Code § 19.1-191. This argument is based on the Commonwealth's Attorney's statement at trial that the continuance from the July term to the November term was agreed to in order to benefit Woodard by permitting him to cooperate with law enforcement agents. This position, however, is untenable, for we cannot take cognizance of the Commonwealth's Attorney's statement. The order granting the continuance, containing no suggestion of an agreement, speaks for itself. *Heflin* v. *Commonwealth, supra,* 211 Va. at 408, 177 S.E.2d at 645.

Finally, the Attorney General says that the failure of the judge who had agreed to try Woodard to appear on the trial date is an excuse similar "to those set out specifically in § 19.1-191." We do not agree. To approve this view would be to permit a judge, through inadvertence or dereliction, to circumvent the legislative determination of the requirements of a speedy trial.

Under the provisions of Code § 19.1-191 we must reverse Woodard's conviction and dismiss the prosecution.

*Reversed and dismissed.*