# Richmond

## JAMES LEONARD WALKER

### v.

## COMMONWEALTH OF VIRGINIA

March 11, 1983.

Record No. 820622.

Present: Carrico, C.J., Cochran, Poff, Compton, Thompson,* and Stephenson, JJ., and Harrison, Retired Justice.

---

* Justice Thompson participated in the hearing and decision of this case prior to the effective date of his retirement on March 2, 1983.

*D. H. Frackelton (Walter Bilbro [SC]; Widener & Frackelton,* on briefs), for appellant.
*Richard B. Smith, Assistant Attorney General (Gerald L. Baliles, Attorney General,* on brief), for appellee.

PER CURIAM.

James Leonard Walker was convicted by a jury of conspiracy to commit murder and sentenced by the trial court to serve twenty years in the penitentiary. The dispositive issue is raised by the following assignment of error:

The court erred in failing to quash the indictment and dismiss the same on account of the failure of the Commonwealth to try the defendant within five months from the time of his preliminary hearing, April 8, 1981, said defendant, having been held uninterruptedly in the Washington County Jail since said date.

The defendant, a resident of Charleston, South Carolina, was arrested on December 11, 1980, in Washington County, Virginia, for the possession of methaqualone and marijuana with intent to distribute. Defendant's arrest was due in part to information provided the Virginia State Police by Lee Roy Dunford, an informant.

Subsequent to his arrest, and prior to a preliminary hearing, defendant met with a Virginia undercover agent in South Carolina. Walker informed the agent that he wished to procure the killing of Dunford, whom he represented to be an informant who had caused defendant's drug arrest in Virginia. Defendant paid the agent (a member of the Virginia State Police) the sum of $1,000.00 and agreed to pay additional amounts when the murder of Dunford had been accomplished.

When defendant appeared in the General District Court of Washington County on March 18, 1981, to attend the preliminary hearing on the warrant charging him with the drug violations, he was arrested and charged with conspiracy to murder Dunford. A preliminary hearing was held on the conspiracy charge on April 8, 1981, and probable cause was found. A grand jury indicted defendant on April 14, 1981. He was denied bail and has been held in custody since the date of his arrest.

On June 18, 1981, the trial judge wrote counsel for defendant that "the above reference matter [Commonwealth v. James Leonard Walker] pending on the docket of the Circuit Court of Washington County is scheduled for trial Tuesday, August 4th, 1981, at 9:00 o'clock, A.M. A jury will be present. I trust you will be agreeable to try both indictments together." A copy of this letter was sent to the Commonwealth's Attorney.

On October 21, 1981, defendant filed a motion to quash the indictment upon the ground that no trial in his conspiracy case had been commenced in the lower court within five months from the date probable cause was found by the district court, relying on Code § 19.2-243.[1] The trial court entered an order on October 26, 1981, overruling this motion.

In *Cunningham* v. *Smith,* 205 Va. 205, 208, 135 S.E.2d 770, 773 (1964), we held:

> The record spoken of in Section 8 of the Constitution is that which distinguishes a court of record from one not of record. It is the order book in which, by Code §§ 17-27 and 17-28, are required to be kept the proceedings, orders and judgment of courts of record.
>
> A court speaks only through its order.

In the instant case it has been difficult to determine the sequence of events because the record shows no orders of court entered between the time defendant was indicted and October 26, 1981. It does appear that during a colloquy between the trial judge and counsel on October 26, 1981, the judge stated that he had reviewed the records in the two cases against Walker. He observed that on August 3, 1981, he had heard and denied a motion by defendant to suppress certain evidence in the drug case and at

---

[1] Code § 19.2-243 requires that an accused, if he is not tried within five months of a finding of probable cause at his preliminary hearing and is held in continuous custody during this period, shall be forever discharged from prosecution for such offense. However, release under the statute is not mandated if the failure to bring the accused to trial was caused by any of five reasons, the only two pertinent to this appeal being:

*****

(3) By the granting of a separate trial at the request of a person indicted jointly with others for a felony,

(4) By continuance granted on the motion of the accused, or by his concurrence in such motion by the attorney for the Commonwealth, or by reason of his escaping from jail or failing to appear according to his recognizance.

the time had inquired of his counsel if both the drug and conspiracy cases could be tried together. He stated that upon being advised that the cases could not be tried together, the Commonwealth's Attorney, with the court's permission, selected the drug case to be tried on August 4, 1981. The judge said he then asked counsel if the conspiracy case could be heard by the same jury as the drug case, and was told that another jury would be required. The judge stated that at this point he advised counsel that the case (for conspiracy) would be continued and "[t]hat was done without objection by the Commonwealth or the defendant. There was no objection to the continuance. Since there was no objection by the attorney for the defendant to the continuance, then the court arrives at the conclusion that there was concurrence."[2]

It appears from the statement made by the trial judge that trial of defendant's case was neither postponed on his motion nor on the motion of the Commonwealth's Attorney with his concurrence, but "was done without objection by the Commonwealth or the defendant," and that, because there was no objection, the trial judge concluded that there was concurrence by defendant.

In *Flanary* v. *Commonwealth,* 184 Va. 204, 211, 35 S.E.2d 135, 138 (1945), the Court said:

If the legislature had intended for the silence of the accused, or his failure to object to a continuance of his case, to be a waiver of his right, it could, and doubtless would, have used appropriate language to convey that intention.

In *Howell* v. *Commonwealth,* 186 Va. 894, 896, 45 S.E.2d 165, 166 (1947), we reaffirmed our holding in *Flanary* that "the mere silence of the accused or his failure to demand that his case be submitted to a jury within the time prescribed by statute did not estop him from claiming its benefits."

In *Woodard* v. *Commonwealth,* 214 Va. 495, 499, 201 S.E.2d 785, 788 (1974), the Commonwealth's Attorney had stated at trial that the continuance granted by the court was agreed to in

---

[2] On October 29, 1981, the court did grant defendant's motion to continue the trial date on his conspiracy indictment in order that he have time to file a petition for a writ of mandamus in the Supreme Court of Virginia. The petition was filed by him and denied by this Court on December 14, 1981. Trial on the conspiracy indictment was had on December 14, 1981. Various post-trial motions were made, and the final order of conviction was entered and the defendant sentenced on March 5, 1982, *nunc pro tunc* January 8, 1982.

order to benefit the defendant by permitting him to cooperate with law enforcement agents. We said:

> This position, however, is untenable, for we cannot take cognizance of the Commonwealth's Attorney's statement. The order granting the continuance, containing no suggestion of an agreement, speaks for itself.

And in *Heflin* v. *Commonwealth,* 211 Va. 407, 408, 177 S.E. 2d 644, 645 (1970), we found that the Commonwealth had failed to show any excuse for its failure to try Heflin within the prescribed time. There, we said:

> After hearing evidence, the trial court found that Heflin's case was continued at the April 1968 term by agreement of counsel. But since no court entry upon the record reflects any such continuance by agreement, we cannot accept that finding.

The burden was upon the Commonwealth to explain why the trial of defendant was delayed for more than five months from the finding of probable cause on April 8, 1981, and for more than one month after defendant requested separate jury trials of his cases.

Defendant, by expressing a desire for separate jury trials, did not thereby instigate a proceeding which should have caused any undue delay. He was entitled to have this request granted, and no study or deliberation thereon by the trial court was necessary. They were in no sense motions for a continuance. On the contrary, defendant's demands for separate jury trials were made in anticipation of trials on the merits of the cases. The only burden placed on the prosecution thereby was to fix a date for the conspiracy trial and summons another jury.

The case under review is unlike *Stephens* v. *Commonwealth*, 225 Va. 224, 301 S.E.2d 22 (1983) (this day decided). In *Stephens,* there was an order of court affirmatively reciting the filing of a motion by the defendant to suppress evidence, the presence in court of defendant, his counsel, and the Commonwealth's Attorney, and the continuance of the case to give the trial court an opportunity to consider the motion. We found that Stephen's motion amounted to a proceeding instigated by him, which, of necessity, brought about a delay of his trials.

Here, we are unable to find from any court order, or from the record, that defendant agreed to or concurred in the action of the trial court in continuing the trial of his case beyond the five-month period prescribed by Code § 19.2-243. And such an agreement is not implicit in his request for separate jury trials.

■ The Commonwealth argues that one of Code § 19.2-243's enumerated excuses for failure to try an accused within the statute's time limits is when the delay is due to the "granting of a separate trial at the request of a person indicted jointly with others for a felony." It is contended that the granting of separate trials at the request of a defendant, when he has been indicted on different charges, is *in pari ratione* with the statutory listed excuse. We disagree. The defendant here was indicted for two completely different felonies. This case is in no way analagous to that of a defendant jointly indicted with others for the commission of a felony. The statute speaks to a situation where only one crime is involved, the witnesses against all defendants are most likely the same witnesses, and the exhibits are the same. For these and other reasons, the granting of separate trials to persons jointly indicted would necessarily bring about delay which should be charged to a defendant who seeks a severance.

■ The Commonwealth also argues that the defendant had known, presumably as a result of the court's letter of June 18, 1981, that the two indictments were scheduled to be tried together on August 4, 1981. However, there is nothing in the record to indicate that the trial was "scheduled" on motion of, or with the consent of, Walker, or that he ever agreed to a trial at the same time on the two indictments or to waive trial by jury. It was the Commonwealth that was in charge of the prosecution, and any unexplained delay in the case must be attributed to the Commonwealth. The only action shown by the record that can be attributed to the defendant is that he remained silent except to request separate jury trials of his cases. Consistent with *Flanary, supra,* and a long line of cases decided thereafter, we must hold that this is not sufficient to preclude defendant from availing himself of the protections of Code § 19.2-243, or the constitutional guarantee of a speedy trial.

For the reasons stated herein, the judgment is reversed, the indictment is dismissed, and the defendant is discharged from prosecution for the offense of conspiracy to murder.

*Reversed and final judgment.*