## Richmond

NELSON ALEXANDER GODFREY

V.

COMMONWEALTH OF VIRGINIA

Record No. 830788.

June 15, 1984.

Present: All the Justices.

James William Osborne for appellant.

Robert H. Anderson, III, Assistant Attorney General (Gerald L. Baliles, Attorney General, on brief), for appellee.

COCHRAN, J., delivered the opinion of the Court.

In this appeal the sole question presented is whether Nelson Alexander Godfrey, convicted of driving a motor vehicle after having been declared a habitual offender in violation of Code § 46.1-387.8, was denied his right to a speedy trial. The evidence has been set forth in a statement of facts approved by the trial judge.

Godfrey, arrested on a warrant, was released on his own recognizance on August 24, 1981. On February 22, 1982, the general district court found probable cause and certified the case to the grand jury, which returned an indictment against Godfrey in May of 1982.

By memorandum dated July 7, 1982, the clerk of the trial court notified Godfrey that his case was set for trial on August 24, 1982. The case was not tried on that date. By order entered December 13, 1982, the trial court, on motion of Godfrey's counsel, set the case for trial by jury on January 18, 1983. When two witnesses subpoenaed to testify for Godfrey failed to appear on January 18, the trial court, on Godfrey's motion, continued the case to February 16. The court also directed that a capias be issued for the two absent witnesses and that bonds be required of them to assure their appearance at trial. The witnesses appeared and testified.

After the jury had been empaneled but before opening statements were made on February 16, Godfrey moved to dismiss the case on the ground that he had been denied a speedy trial in violation of Code § 19.2-243.[1] The court overruled Godfrey's motion, "stating from personal knowledge and review of the record that

---

[1] Code § 19.2-243, implementing the right to a speedy trial guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 8 of the Virginia Constitution, provides in pertinent part as follows:

Where a general district court has found that there is probable cause to believe that the accused has committed a felony, . . . and if the accused is not held in custody but has been recognized for this appearance in the circuit court to answer for such offense, he shall be forever discharged from prosecution therefor if there be no trial commenced in the circuit court within nine months from the date such probable cause was found.

\* \* \* \* \*

The provisions of this section shall not apply to such period of time as the failure to try the accused was caused:

\* \* \* \* \*

(4) By continuance granted on the motion of the accused, or by his concurrence in such a motion by the attorney for the Commonwealth, or by reason of his escaping from jail or failing to appear according to his recognizance.

\* \* \* \* \*

the delay was at the insistence of or to the prejudice of the defendant." When Godfrey renewed his motion at the conclusion of the Commonwealth's evidence and again at the conclusion of all the evidence, the court overruled it. The jury found Godfrey guilty as charged and fixed his punishment at one year in jail. Godfrey renewed his motion to dismiss for failure to afford him a speedy trial; the court, overruling the motion, entered judgment on the verdict.

■ Since Godfrey was free on his own recognizance, the Commonwealth was under a duty to bring him to trial by November 22, 1982, nine months after the general district court made its finding of probable cause, unless the failure to do so was excusable. If a defendant is not tried within the time specified in Code § 19.2-243, the burden is on the Commonwealth to explain the delay. *Walker* v. *Commonwealth*, 225 Va. 5, 10, 301 S.E.2d 28, 30 (1983); *Fowlkes* v. *Commonwealth*, 218 Va. 763, 766-67, 240 S.E.2d 662, 664 (1978); *Woodard* v. *Commonwealth*, 214 Va. 495, 498, 201 S.E.2d 785, 788 (1974); *Heflin* v. *Commonwealth*, 211 Va. 407, 409, 177 S.E.2d 644, 645 (1970); *Flanary* v. *Commonwealth*, 184 Va. 204, 210, 35 S.E.2d 135, 138 (1945).

■ A defendant does not waive his right to a speedy trial merely because he remains silent or does not demand that a trial date be set within the prescribed period. *Walker*, 225 Va. at 9, 301 S.E.2d at 30. An order granting a continuance speaks for itself, and the record must reflect the reason for any delay of defendant's trial. Thus, in *Heflin*, we declined to accept the trial court's ruling that the case was continued by agreement of counsel, as there was "no court entry upon the record" to that effect, and the record suggested no other justification for delay. 211 Va. at 408, 177 S.E.2d at 645-46. To the same effect, we refused in *Woodard* to take cognizance of the statement made by the Commonwealth's Attorney at trial that a continuance was agreed to for the defendant's benefit when the order granting the continuance contained no suggestion of an agreement. 214 Va. at 499, 201 S.E.2d at 788. In *Walker*, the record showed that except for requesting separate jury trials of his cases, the defendant had remained silent. Holding that, without anything in a court order or elsewhere in the record to show that the defendant agreed to or concurred in the delay of his trial, the delay must be attributed to the Commonwealth, we dismissed the indictment against him. 225 Va. at 11-12, 301 S.E.2d at 31.

We reached a different result in *Stephens v. Commonwealth*, 225 Va. 224, 301 S.E.2d 22 (1983), decided the same day as *Walker*. In *Stephens*, the trial court had continued a case to consider defendant's motion to suppress certain evidence, although defendant had not made a motion for a continuance. We held that defendant was responsible for the resulting delay because "he was the moving party in a proceeding which necessitated the continuance." 225 Va. at 233-34, 301 S.E.2d at 27.

■ The plain import of our long line of cases is that in assessing responsibility for delay in trying a defendant, we will confine our review to the record that comes before us.[2] Representations of counsel, or even of the trial judge, if not supported by the record, are insufficient. Memories are too fragile to supply authoritatively what the record fails to reveal, especially where constitutional rights are at risk. Courts act by orders and decrees that become a part of the record on appeal. Continuances in criminal cases, therefore, must be documented to enable us to review and evaluate them when they are challenged.

We will assume, without deciding, that a letter dated September 22, 1982, from Godfrey's counsel to the trial judge, and letters dated November 5 and December 10, 1982, respectively, from Godfrey's counsel to the clerk of the trial court, were properly made a part of the record under Rule 5:8(a) as original papers. They were included in the record which was transmitted by the clerk of the trial court to the Clerk of this Court pursuant to Rule 5:15 and which was the record before us when the appeal was granted. The letter to the judge advised that Godfrey requested a jury trial and that Godfrey and his attorney would appear in the trial court on November 1, as directed by the judge, to establish a

---

[2] Rule 5:8 provides in pertinent part as follows:

The following constitute the record on appeal from a court:

(a) The original papers and exhibits filed or lodged in the clerk's office of the court below, including any report of a commissioner in chancery and the accompanying depositions and other papers;

\* \* \* \* \*

(c) each exhibit offered in evidence (whether admitted or rejected) and initialed by the judge;

(d) the original draft signed or initialed by the judge, or a copy, of each order by the court below;

\* \* \* \* \*

(g) the transcript of any hearing or a written statement of facts, testimony or other incidents of the case when made a part of the record as provided in Rule 5:9.

trial date. The letters to the clerk merely related to witnesses to be subpoenaed to testify for Godfrey on trial dates in January, 1983. These letters do not show that prior to November 22, 1982, Godfrey caused or concurred in the delay in trying the case.

■ After the appeal was granted, the Commonwealth attempted to include in the record a copy of a letter dated August 4, 1982, from Godfrey's counsel to the trial judge. The letter, which related to this case and to another criminal case in which the same counsel was representing another defendant, was not transmitted by the clerk below to the Clerk of this Court pursuant to Rule 5:15. After the record has been transmitted to this Court pursuant to Rule 5:15 and an appeal has been granted, the record on appeal cannot be enlarged except by our award of a writ of certiorari under Code § 8.01-673. *Narrows* v. *Clear-View Cable TV,* 227 Va. 272, 275 n.2, 315 S.E.2d 835, 837 n.2 (1984); *Old Dominion Iron* v. *VEPCO,* 215 Va. 658, 660, 212 S.E.2d 715, 718 (1975). A writ of certiorari was not requested; none was issued. Accordingly, we will take no further notice of the letter of August 4, 1982.

■ The record is sufficient to show that after November 22, 1982, Godfrey was responsible for delays in bringing his case to trial. We hold that the record is insufficient, however, to sustain the Commonwealth's burden of showing that Godfrey was chargeable with the failure to try the case during the crucial period between February 22 and November 22.

Under the provisions of Code § 19.2-243, we must reverse Godfrey's conviction and discharge him from prosecution.

*Reversed and dismissed.*