**Salem**

GARY RAYMOND BUNTON

v.

COMMONWEALTH OF VIRGINIA

No. 0680-86-3

Decided July 19, 1988

558

COUNSEL

Thomas G. Hodges (Hodges & Campbell, on brief), for appellant.

H. Elizabeth Shaffer, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

COLEMAN, J. — Gary Raymond Bunton appeals his conviction of possession and distribution of LSD on the ground that he was denied a speedy trial. Because Bunton failed to file a transcript of the speedy trial hearing or a statement of facts in lieu thereof, and because we find that the transcript or statement of facts is indispensable to our resolution of the issue, we dismiss the appeal.

 Code § 19.2-243 requires that a defendant released on his or her own recognizance "shall be forever discharged from prosecution" if not brought to trial within nine months of the finding of probable cause. The speedy trial statute was enacted to clarify and augment the constitutional guarantees of the Sixth Amendment to the United States Constitution and Article I, § 8 of the Virginia Constitution. *Holliday v. Commonwealth*, 3 Va. App. 612, 615, 352 S.E.2d 362, 363-64 (1987). The burden rests with the prosecuting authority to ensure that an accused is accorded his

or her constitutional and statutory right, *Flanary v. Commonwealth*, 184 Va. 204, 210-11, 35 S.E.2d 135, 138 (1945); an accused may remain silent, making no demands, without forfeiting the right to have the charges against him or her timely heard. *Cantwell v. Commonwealth*, 2 Va. App. 606, 611, 347 S.E.2d 523, 525 (1986). If the record shows that the delay was due to one of the justifiable reasons specified in the Code,[1] or a reason of a similar nature, that delay will not bar a later trial.

Bunton was charged and arrested. In a preliminary hearing on January 25, 1985, the court found probable cause to certify the charge to a grand jury. Bunton was indicted on April 15, 1985. Nothing in the circuit court record indicates that any action was taken between April 15, 1985, and January 31, 1986, although four terms of circuit court convened in Wythe County between those dates. Rule 1:15. On January 31, 1986, Bunton moved to dismiss the charges on the ground that he had not been tried within the statutorily specified time. The trial court denied the motion to dismiss following a hearing on February 11, 1986, stating in its order that it found that the appellant had failed to appear between April 15, 1985, and January 31, 1986, in accordance with the terms of his recognizance bond. The bond and terms thereof are not part of the record before us. Bunton was convicted, and he appeals the speedy trial ruling. No transcript or statement of facts in lieu thereof for the February 11, 1986, hearing was filed, showing what transpired or from which we can verify the basis for the trial court's ruling. Whether the recognizance bond was included as part of the February 11 hearing, we do not know.

---

[1] Code § 19.2-243 provides that the statutory time limitation shall not apply to delay caused:

(1) By his insanity or by reason of his confinement in a hospital for care and observation,

(2) By the witnesses for the Commonwealth being enticed or kept away or prevented from attending by sickness or inevitable accident,

(3) By the granting of a separate trial at the request of a person indicted jointly with others for a felony,

(4) By continuance granted on the motion of the accused, or by his concurrence in such a motion by the attorney for the Commonwealth, or by reason of his escaping from jail or failing to appear according to his recognizance,

(5) By the inability of the jury to agree in their verdict.

From the record before us we have no orders or journal or docket entries showing any action taken with reference to the case.

Bunton argues that since it is the duty of the Commonwealth to bring a defendant to trial within the specified time, and because the record before us is devoid of evidence explaining the reasons for the delay, the lapse of time must be charged to the Commonwealth and his case dismissed. He argues that the transcript is not indispensable on appeal in light of the cases holding that the record must support whatever reasons the Commonwealth offers to excuse the delay. *See Godfrey v. Commonwealth*, 227 Va. 460, 317 S.E.2d 781 (1984); *Heflin v. Commonwealth*, 211 Va. 407, 177 S.E.2d 644 (1970). Bunton points out that no orders or docket or journal entries during the period of time in question either scheduled the case for trial, continued it, forfeited his bond, or directed that process issue for him. Therefore, since no entry by the trial judge shows that the case either was scheduled for trial or continued during the statutory time, the transcript is not essential to this case.

To hold, as Bunton urges, would require us to conclude that no evidence or reason that the Commonwealth might have offered at the hearing could have sufficed to justify the delay in the absence of court orders, decrees, or journal or docket entries. Indeed, under Bunton's reasoning, the February 11 hearing on the matter was superfluous, since no explanation could suffice in light of the court record. The court's orders and entries would be the only bases on which the reason for the delay could be shown. We decline to so hold.

■ The Commonwealth has the duty to explain the delay *after* the defendant raises the issue. "Without anything in a court order or *elsewhere in the record* to show that a defendant agreed to or concurred in the delay of his trial, or instigated a proceeding which of necessity brought about a delay of his trial, the delay must be attributed to the Commonwealth." *Cantwell v. Commonwealth*, 2 Va. App. at 611, 347 S.E.2d at 526 (emphasis added). While most reasons for delay will be documented in records or orders of proceedings prior to the speedy trial hearing, other documentation and the explanation for the delay may become a part of the record for the first time at the speedy trial hearing. The opportunity to prove or document the reason for the delay does not expire with the running of the statutory time period during which the trial must be had. At the hearing on the motion to dismiss, the Commonwealth may be able to present evidence that becomes part of the record. That evidence, or the lack thereof, is essential

to our review.

While the Commonwealth's burden to justify a delay which is not otherwise documented in the record at the time of the hearing may be difficult, we cannot say as a matter of law that the Commonwealth could never meet that burden. Without the transcript, we simply cannot ascertain what transpired at that hearing. We cannot determine whether evidence was presented to enable the court to determine whether the Commonwealth met its burden. Whether credible evidence supports the finding of the trial court that the delay was attributable to the accused's failure to appear according to the terms of his recognizance bond cannot be ascertained on this record. Bunton has the responsibility of providing the record on appeal necessary to enable the reviewing court to address the issues. As he has failed in that responsibility, we cannot consider the merits of his appeal.

■ Our holding today does not conflict with the *Godfrey* court's admonition that "[r]epresentations of counsel, or even of the trial judge, if not supported by the record, are insufficient. Memories are too fragile to supply authoritatively what the record fails to reveal, especially where constitutional rights are at risk." *Godfrey*, 227 Va. at 464, 317 S.E.2d at 783. The issue on appeal is whether the Commonwealth has carried its burden of showing that the delay in prosecution was justified. Our holding acknowledges that the Commonwealth may have presented the required evidence or documentation at the hearing on the speedy trial motion, and that the transcript of that hearing is necessarily indispensable to our review. Without the transcript, we cannot determine whether any justification was offered or, if so, whether it was legally sufficient.

■ Since the transcript of the hearing was not filed, *see* Rule 5A:8, and because it is indispensable to our consideration of the merits of this appeal, we dismiss. *See Barrett v. Barrett*, 1 Va. App. 378, 380, 339 S.E.2d 208, 210 (1986).

*Dismissed.*

Duff, J., and Hodges, J., concurred.