## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Christopher Stich

November 15, 1994

Case Nos. (Criminal) 86240, 86241, 86242

BY JUDGE STANLEY P. KLEIN

These matters are before the Court on the Defendant's appeals of the July 21, 1994, orders of the General District Court revoking the suspended jail sentences originally imposed by the General District Court on October 6, 1992. The fines and costs originally imposed by the General District Court have been paid.

The record from the October 6, 1992, hearing in the General District Court fails to disclose either the presence of or a valid waiver of counsel by the Defendant. Citing § 19.2-160 of the Virginia Code and various cases interpreting a defendant's Sixth Amendment right to counsel, the Defendant claims that the October 6, 1992, order is constitutionally and statutorily infirm and therefore this Court has no jurisdiction to impose the previously suspended sentence.

The Commonwealth does not contest Defendant's Sixth Amendment analysis, but asserts that it can adduce evidence before this Court that the Defendant was in fact represented by counsel when the General District Court originally sentenced him on October 6, 1992. Defendant counters that this Court cannot entertain evidence on this issue and must consider only the record from the General District Court.

At the October 21, 1994, hearing before this Court, counsel for the parties agreed that the analysis set out in the Virginia appellate court cases

interpreting a defendant's right to a speedy trial pursuant to § 19.2-243 of the Code should be binding on this Court on this issue.[1]

In his memorandum, Defendant cites *inter alia, Godfrey v. Commonwealth,* 227 Va. 460 (1984), to support his argument that the record from the General District Court cannot be supplemented by evidence in this Court. In *Godfrey,* the Supreme Court stated "memories are too fragile to supply authoritatively what the record fails to reveal, especially where constitutional rights are at risk." *Id.* at 464. The Commonwealth contends that *Godfrey* and the other cases interpreting § 19.2-243 stand only for the proposition that an appellate court cannot entertain additional evidence and as this Court is conducting a *de novo* appeal, it can supplement the record by hearing additional oral testimony. The Commonwealth misconstrues the rationale supporting the holdings in these cases.

In *Adkins v. Commonwealth,* 13 Va. App. 519 (1992), the Court of Appeals reversed the trial judge's denial of a speedy trial motion. In so ruling, the Court of Appeals specifically noted that the trial court's decision was based on findings made by the trial judge after conducting an evidentiary hearing on the reasons why a continuance had previously been granted. In ruling that these findings by the trial judge were not supportable notwithstanding the evidence presented at the hearing, the Court of Appeals cited *Godfrey* and stated:

> Representations of counsel or recollections of the trial judge not supported by the record are insufficient to excuse a delay. [*Godfrey,* 227 Va. at 464.] The testimony of a deputy sheriff is equally insufficient. The testimony of witnesses cannot stand in lieu of findings and rulings of the trial judge entered of record. To do so would diminish the sanctity of the court's records. The record of proceedings in a court of record cannot be left to the

---

[1] As a result, the Court need not reach the issue of the applicability of such authority in the area of the constitutional right to counsel. Likewise, it is unnecessary to determine the meaning of "evidence" in the context of Judge Fitzpatrick's opinion in *James v. Commonwealth,* 18 Va. App. 746 (1994), wherein the Court of Appeals stated that in determining the validity of a conviction under *Scott v. Illinois,* 440 U.S. 367 (1979), the "Commonwealth satisfies its burden of going forward when it produces a properly certified conviction from a court of competent jurisdiction which appears on its face to be a valid final judgment, provided that in all felony cases and those misdemeanor proceedings where imprisonment resulted, there is *evidence* establishing that the defendant was represented by or properly waived counsel in the earlier criminal proceeding." *James,* at 752 (emphasis added).

> vagaries of a swearing contest between witnesses. Such is an insufficient basis to establish why delay occurred which prevented a criminal defendant from receiving a speedy trial. *See Godfrey*, 227 Va. at 464.

*Adkins*, 13 Va. App. at 522. *See also Walker v. Commonwealth*, 225 Va. 5 (1983) (where the judge indicated that the case was continued "without objection by the Commonwealth or defendant" but the record was otherwise silent on the issue, the court found the record insufficient to support a finding that the defendant concurred in the granting of a continuance); *Woodward v. Commonwealth*, 214 Va. 495 (1974) (the court refused to take cognizance of the Commonwealth Attorney's statements regarding the defendant's agreement to the continuance where the order granting the continuance was silent on this issue); *Heflin v. Commonwealth*, 211 Va. 407 (1970) (despite the trial court's findings after the presentation of evidence that this case was continued by agreement of counsel, in the absence of a record so reflecting, the conviction was reversed); *Commonwealth v. Perry*, 30 Va. Cir. 1 (1992) (although the court must confine its consideration to the record to determine if the defendant waived his right to a speedy trial, it need not limit its review solely to orders and docket entries when the record is comprised also of the transcript of the proceedings).

The forms upon which the General District Court made its findings and imposed its sentences in these cases on October 6, 1992, contain lines for the court to note any appearance of or waiver of counsel. The record of these proceedings reflects no such appearance or waiver. To allow the record to now be supplemented by way of testimony, this Court would not only "diminish the sanctity of the court's records," *Adkins*, 13 Va. App. at 522, but would also contravene the line of cases that counsel have stipulated are binding on the Court in this matter. The Rules to Show Cause issued by the General District Court are dismissed.