BENTON, Judge,
concurring in the judgment.
Although Ballance was not tried within the time specified by Code § 19.2-243, I agree with the majority that delays attributable to Ballance caused the trial to occur beyond the statutory limit. I do not agree, however, that the time that elapsed from May 4 to the trial dates should be attributed to Ballance.
Ballance concedes that the time that elapsed from November 13, 1992 (the first trial date) to March 3, 1993, was attributable to him. On March 3,1993, the trial judge granted Ballance’s request for a new attorney, and set a hearing for March 10, 1993, to set a new trial date. Ballance also agrees that the time that elapsed from March 3 to March 10 was attributable to him.
On March 10, 1993, Ballance’s new attorney agreed to a May 4, 1993, trial date. Ballance contends that the time that elapsed from March 10,1993, to May 4,1993, was not attribut *8 able to him. I disagree. The delay caused by Ballance’s request for a change of attorney continued to the date that Ballance’s new attorney could be available for trial. That was determined to be May 4, 1993.
The record reflects, however, that on April 26, 1993, Ballance requested separate trials for the charges regarding the respective victims. The trial judge entered an order, as requested by the Commonwealth, maintaining one trial date on May 4, 1993, setting another for June 16, 1993, and setting the third for July 21, 1993. The record does not reflect that Ballance concurred in those continuances. “[A]n agreement [for a continuance] is not implicit in [a] request for separate jury trials.” Walker v. Commonwealth, 225 Va. 5, 11, 301 S.E.2d 28, 31 (1983). However, even if this delay is attributable to the Commonwealth, the record reflects that when the delay attributable to Ballance is considered, he was tried within the statutory time. For these reasons, I concur in the judgment to affirm the trial judge’s order.