COURT OF APPEALS OF VIRGINIA

Present:   Judges Russell, Chafin and Senior Judge Clements
Argued at Richmond, Virginia

UNPUBLISHED

ALAN L. LEWIS, S/K/A
 ALAN LEON LEWIS

v.      Record No. 0632-17-2

COMMONWEALTH OF VIRGINIA                 MEMORANDUM OPINION[*] BY
                                       JUDGE JEAN HARRISON CLEMENTS
ALAN L. LEWIS, S/K/A                           OCTOBER 2, 2018
 ALAN LEON LEWIS

v.      Record No. 1173-17-2

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                          Phillip L. Hairston, Judge

        Samantha Offutt Thames, Assistant Public Defender, for appellant.

        Liam A. Curry, Assistant Attorney General (Mark R. Herring,
        Attorney General, on brief), for appellee.


        In these consolidated appeals, appellant challenges his conviction for possession of a

firearm by a violent felon (Record No. 0632-17-2), and the revocation of the suspended sentence

previously imposed on his conviction for petit larceny, third or subsequent offense (Record No.

1173-17-2).  With respect to his firearm offense, appellant argues that his statutory and

constitutional speedy trial rights were violated.  He contends that the trial court improperly

considered the firearm offense in revoking his suspended sentence and imposing all of the

remaining time.  Finding no error, we affirm the rulings of the trial court.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## SPEEDY TRIAL

### Background

At the preliminary hearing on September 16, 2015, the General District Court for the City of Richmond found probable cause that appellant had committed the offense of possession of a firearm by a violent felon. The grand jury formally indicted appellant, and a jury trial was set for January 19, 2016. The trial was continued to February 9, 2016, on the Commonwealth's motion. On February 9, 2016, the court continued the trial to May 20, 2016, on appellant's motion and granted appellant's motion for bond. Appellant moved for another continuance on May 12, 2016, and the court continued the case to June 6, 2016, to be reset for trial. There is no order in the record showing what may have transpired on June 6, 2016. The court issued a capias on June 16, 2016, for appellant's arrest for failure to comply with pretrial supervision. On June 29, 2016, the court continued the case to be set at the July docket call.

A jury trial was set for October 20, 2016. On October 12, 2016, appellant's case was removed from the docket at the request of an assistant Commonwealth's attorney who was scheduled to try another case on the same date. Appellant's counsel did not learn of the change until October 17, 2016, when she communicated with the prosecutor assigned to the case about jury instructions. Appellant's case was set for the November docket call on November 7, 2016. The parties agreed at docket call to a trial date on March 27, 2017.

A bond hearing was held on November 17, 2016, and the trial court set a $5,000 personal recognizance bond for appellant. Appellant's counsel told the court at the hearing that appellant had not agreed to removing the case from the docket and objected to the continuance. Counsel also said that the bond hearing was the first opportunity for appellant to object. The prosecutor told the court that the trial date had been set by agreement, and the order from the hearing noted

that the parties had "previously set" the case for a jury trial on March 27, 2017. The order made no reference to appellant's objection to continuing the case.

On March 17, 2017, appellant moved to dismiss the charge against him on statutory and constitutional speedy trial grounds. The court heard argument on the motion on March 27, 2017, before the trial began. The parties stipulated that the period between September 16, 2015, and February 9, 2016, was attributed to the Commonwealth, and the trial court found that the period between February 9, 2016, and the scheduled trial date, October 20, 2016, counted against appellant. Appellant's counsel argued that the case had been continued without her knowledge, but she conceded that she had not objected to the continuance until November 17, 2016, even though she had learned of the continuance on October 17, 2016, and had agreed on November 7, 2016, to the March 27, 2017 trial date. The trial court denied the motion to dismiss, finding that appellant could have filed a written objection to continuing the case before the bond hearing was held and had agreed to the March 27, 2017 trial date before objecting to the continuance. The court concluded that appellant had agreed to the trial date because counsel had so stated in her motion to dismiss on speedy trial grounds.

Analysis

Determining the merits of a statutory speedy trial claim under Code § 19.2-243 "'involve[s] a review of the whole record and a consideration of the trial court orders in the context of the record that comes before' the court." Brown v. Commonwealth, 57 Va. App. 381, 389-90, 702 S.E.2d 582, 586 (2010) (quoting Baity v. Commonwealth, 16 Va. App. 497, 503, 431 S.E.2d 891, 895 (1993) (*en banc*)). "In its review, this Court will give deference to the trial court's findings of fact, but review the trial court's 'statutory interpretations and legal conclusions *de novo*.'" Id. at 390, 702 S.E.2d at 586 (quoting Sink v. Commonwealth, 28

Va. App. 655, 658, 507 S.E.2d 670, 671 (1998)). Constitutional arguments are reviewed *de novo*. See Turner v. Commonwealth, 63 Va. App. 401, 407, 758 S.E.2d 82, 84 (2014).

The Commonwealth must demonstrate that a delay in commencing trial is excused under the statute. See Brown, 57 Va. App. at 389-90, 702 S.E.2d at 586. Because appellant was not continuously held in custody between his preliminary hearing and his trial, the Commonwealth was required to commence his trial within nine months of his preliminary hearing. See Code § 19.2-243. Case law from this Court has interpreted the nine-month requirement as "at least 273 days." McCray v. Commonwealth, 44 Va. App. 334, 342, 605 S.E.2d 291, 294 (2004).

Appellant contends that the applicable time period was exceeded by 39 days, calculated as follows: 146 days from September 16, 2015 to February 9, 2016, plus 166 days from October 13, 2016 (the day after the case was continued without notice to appellant) to March 27, 2017, equals 312 days counted against the Commonwealth, minus 273 days. Using a starting date of October 21, 2016, based on the trial court's ruling that the case had been continued to October 20, 2016, 304 days elapsed, an excess of 31 days.[1] Calculating from the date appellant first objected to the continuance on November 17, 2016, results in 276 elapsed days, three days over the statutory limit. Thus, the resolution of this case turns on whether appellant made a timely objection to continuing the case from October 20, 2016, and whether appellant waived his speedy trial objection by agreeing to the March 27, 2017 trial date before objecting to the continuance.

The trial court found that appellant's stated objection to the continuance, made at the bond hearing, was not timely. Code § 19.2-243(4) requires a defendant to make a specific, timely objection to a motion for a continuance, and his failure to do so waives his speedy trial

---

[1] Although appellant argues that the continuance on October 12, 2016, triggered the speedy trial calculations, he has not assigned error to the trial court's determination that the operative date was October 20, 2016.

rights. See Howard v. Commonwealth, 281 Va. 455, 460-61, 706 S.E.2d 885, 887-88 (2011) (holding that a trial court's *sua sponte* continuance of a case was treated no differently from a continuance requested by a party, and "to avoid the tolling provision [of Code 19.2-243], the defendant must be adverse to the granting of the continuance and must affirmatively express his objection even when a new trial date is set within the speedy trial time limits for the commencement of the trial"). Even though the case was continued on October 12, 2016, without notice to appellant, he learned of the continuance on October 17, 2016, and could have noted his objection after that date by communicating with the trial court orally or in writing.[2] Appellant was not required to wait until a court hearing could be scheduled to voice his objection. Further, appellant's counsel did not object until ten days after counsel had agreed to a new trial date at docket call on November 7, 2016. We find that because appellant did not make a timely objection, no statutory speedy trial violation occurred.[3] See Heath v. Commonwealth, 261 Va. 389, 394, 541 S.E.2d 906, 909 (2001) ("failure to object to the court's action in fixing the trial

_____

[2] By noting that appellant *could* have filed a written objection when he first became aware of the *ex parte* continuance obtained by the Commonwealth, we do not hold that such action was necessarily required. The failure of appellant to object prior to agreeing to the new trial date rendered his ultimate objection untimely. Accordingly, we need not address whether appellant was required to object in advance of the docket call.

[3] Although we do not condone the trial court's continuing the case *ex parte*, the continuance, by itself, was not reversible error. See United States v. Bourne, 743 F.2d 1026 (4th Cir. 1984). Bourne's case was continued a few days before trial on the government's *ex parte* motion because an intended witness was unexpectedly unavailable to testify. Id. at 1029-30. After the defendant was notified of the continuance, he moved to dismiss on speedy trial grounds, arguing that the continuance should not have been granted because the witness was not essential. Id. at 1030. The trial court heard argument and denied the motion prior to trial. Id. On appeal, the court found that the *ex part*e action was not "reversible error simply because defense counsel could not object and try to argue that the witness was not essential." Id. at 1031. The court stated that the defendant had been "given a full opportunity" at the later hearing to present his objections to the continuance. Id. Here, appellant had the same opportunity to object to the continuance but did not timely do so.

date is an acquiescence in the fixing of the trial date beyond the [nine]-month speedy trial period and constitutes a continuance of the trial date under Code § 19.2-243(4)").

The trial court also found that appellant had agreed to setting the new trial date. The court relied on appellant's counsel's statement in the motion to dismiss that "[d]efense counsel *agreed* to the next available date for defense counsel and the Commonwealth [for] trial on March 27, 2017." (Emphasis added). See Commonwealth v. Hutchins, 260 Va. 293, 296-98, 533 S.E.2d 622, 623-25 (2000) (finding no statutory speedy trial violation where defendant "acquiesce[ed] with and agree[d] to" a trial date outside the applicable time limit); Commonwealth v. Townes, 234 Va. 307, 323, 362 S.E.2d 650, 659 (1987) (finding no speedy trial violation where court's order stated that trial date was set "on motion of both parties by agreement").

Appellant asserts that he did not waive his speedy trial rights by agreeing to a trial date outside the applicable time limits. However, the cases he relies on to support his position are inapposite. In Baker v. Commonwealth, 25 Va. App. 19, 24, 486 S.E.2d 111, 114 (1997), Baker's counsel had "expressly objected" to the continuance *before* providing available dates. In Godfrey v. Commonwealth, 227 Va. 460, 463, 317 S.E.2d 781, 783 (1984), the Supreme Court held that a defendant who "remains silent," rather than demanding a trial date in compliance with speedy trial limits, did not waive his right to a speedy trial, but the case was decided before Code § 19.2-243(4) was amended in 1995 to require that a defendant timely object to a continuance.

Appellant also argues that because there is no court order from the November 7, 2016 docket call, and the representations of counsel should not be considered, the record does not support the trial court's ruling. However, the court order entered after the bond hearing on November 17, 2016, stated that the case was "previously set" for trial on March 27, 2017. The

- 6 -

order makes no reference to appellant's having objected to the continuance or the setting of the new trial date.

Further, counsel stated in the motion to dismiss that she had "agreed to the next available date for . . . trial on March 27, 2017." By signing the motion and filing it with the court, counsel averred that the statements made in the motion were correct. See Code § 8.01-271.1 ("The signature of an attorney or party [on a pleading or written motion] constitutes a certificate by him that (i) he has read the pleading, motion, or other paper, [and] (ii) to the best of his knowledge, information and belief, formed after reasonable inquiry, it is well grounded in fact . . . ."); see also Livingston v. Virginia State Bar, 286 Va. 1, 15, 744 S.E.2d 220, 227 (2013) (applying Code § 8.01-271.1 in discussing whether an assistant Commonwealth's attorney violated the rules of professional conduct by signing a brief that quoted an indictment charging a defendant with the wrong offense). Accordingly, counsel's motion provides valid support for the trial court's ruling that appellant agreed to the date set for trial. Appellant is not permitted to argue otherwise on appeal. See Rowe v. Commonwealth, 277 Va. 495, 502, 675 S.E.2d 161, 164 (2009) (stating that a party may not take "successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory" (quoting Cangiano v. LSH Bldg. Co., 271 Va. 171, 181, 623 S.E.2d 889, 895 (2006))).

The absence of a court order from docket call is not dispositive because other parts of the record show that appellant agreed to the delay in the case. See Turner v. Commonwealth, 68 Va. App. 72, 80-81, 802 S.E.2d 814, 818-19 (2017) (stating that the delay in trial must be attributed to the Commonwealth if there is nothing "in a court order *or elsewhere in the record*" to show appellant's agreement or concurrence in the delay (emphasis added) (quoting Cantwell v. Commonwealth, 2 Va. App. 606, 611, 347 S.E.2d 523, 526 (1986))); see also Bunton v. Commonwealth, 6 Va. App. 557, 560, 370 S.E.2d 470, 472 (1988) ("While most reasons for

delay will be documented in records or orders of proceedings prior to the speedy trial hearing, other documentation and the explanation for the delay may become a part of the record for the first time at the speedy trial hearing."). Accordingly, we find that appellant waived his speedy trial objection by agreeing to the trial date at docket call, which was ten days before he informed the trial court that he objected to the October continuance.

Because appellant did not timely object to the continuance and agreed to the new trial date before objecting to the continuance, we find that no statutory speedy trial violation occurred. Absent a statutory speedy trial violation, there also was no constitutional violation. See Sheard v. Commonwealth, 12 Va. App. 227, 231, 403 S.E.2d 178, 180 (1991) (holding that "a trial on the merits within the statutorily described time does not support a presumption of prejudice").

Even if the constitutional factors are addressed, however, there was no violation. Four factors are considered in assessing a constitutional speedy trial claim – "length of delay, reason for delay, defendant's assertion of his right, and prejudice to the defendant." Howard, 281 Va. at 462, 706 S.E.2d at 889; see Barker v. Wingo, 407 U.S. 514, 530 (1972). With regard to the prejudice factor, three interests are considered: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, the most serious is the last." Barker, 407 U.S. at 532.

The length of the delay is the starting point of the analysis, as it is not necessary to consider the other three factors if the delay is not presumptively prejudicial. See id. at 530. Here, appellant's trial began 607 days after his arrest on July 28, 2015, but 254 days (February 9, 2016 to October 20, 2016) of the delay were attributable to appellant. Further, appellant agreed on November 7, 2016, to a trial date on March 27, 2017, a period of 140 days. Subtracting 254 and 140 from 607 leaves 213 days, or approximately seven months. We find that the delay was not presumptively prejudicial, foreclosing further analysis.

If the other factors are considered, however, they do not establish a constitutional speedy trial violation. As noted, much of the delay is attributable to appellant, and thus the reason for the trial delay weighs against him. See Harris v. Commonwealth, 258 Va. 756, 586, 520 S.E.2d 825, 831 (1999); Wallace v. Commonwealth, 65 Va. App. 80, 100, 774 S.E.2d 482, 491 (2015), aff'd by published order, Record No. 151296, 2016 Va. LEXIS 63 (Va. June 2, 2016). Appellant has asserted that he experienced anxiety or concern while awaiting trial even though he was on bond for part of that time because he was subject to pre-trial supervision. We disagree that having to comply with the conditions of his bond was unduly stressful. See Kelley v. Commonwealth, 17 Va. App. 540, 547, 439 S.E.2d 616, 620 (1994) (noting that "anyone who is subject to a criminal prosecution will commonly suffer anxiety and concern about the outcome"). Appellant has not claimed that his defense was impaired by the delay. See id. (holding that defendant must "demonstrat[e] actual prejudice, and not its mere possibility"). Accordingly, we hold that there was no constitutional speedy trial violation.

REVOCATION

Background

Appellant pled guilty to petit larceny, third or subsequent offense, and in June 2014, was sentenced to five years in prison, with four years and nine months suspended. In July 2015, the trial court found that appellant had violated the terms of the suspension and revoked three months of the suspended time. Appellant's probation officer submitted a major violation report in February 2017, stating that appellant twice had failed to report as instructed and had tested positive for cocaine, opiates, and marijuana on three occasions. The report also noted that appellant was awaiting trial on March 27, 2017, on a new offense.

At the revocation hearing on June 27, 2017, appellant stipulated that he was in violation, and the trial court proceeded to hear argument on the sentence to be imposed. The sentencing

guidelines for the initial probation violations recommended a range of two to six months of incarceration. The prosecutor told the court that the guidelines no longer applied because appellant had been convicted of the firearm offense. The court stated that it recalled the facts of that trial. The prosecutor also advised the court that appellant had seven prior felony convictions, and he asked the court to revoke and impose the remainder of the suspended sentence. Appellant's counsel noted that the new conviction was pending on appeal and asked the court to revoke no more than one year of the suspended time and to allow appellant to serve the time concurrently with his sentence on the firearm conviction.

The court revoked all of the remaining four years and six months, but ordered that the sentence be served "concurrently with any other sentences." The court observed that this violation was appellant's second and that the court had required appellant to serve only three months on his first violation. The court also considered appellant's prior criminal history and his "addiction problem," but made no reference to appellant's new conviction as a factor in revoking the suspended sentence.

## Analysis

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" Jacobs v. Commonwealth, 61 Va. App. 529, 535, 738 S.E.2d 519, 521-22 (2013) (quoting Davis v. Commonwealth, 12 Va. App. 81, 86, 402 S.E.2d 684, 687 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." Id. at 535, 738 S.E.2d at 522.

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "When a defendant fails to comply with the terms and conditions of a suspended sentence, the trial court has the power to

revoke the suspension of the sentence in whole or in part." Alsberry v. Commonwealth, 39 Va. App. 314, 320, 572 S.E.2d 522, 525 (2002).

Appellant stipulated in the trial court that he had violated the terms of his suspended sentence. He argues on appeal that the trial court improperly considered his new firearm conviction as grounds for the revocation and abused its discretion in sentencing appellant to serve the remainder of his suspended time. Thus, appellant contends that the revocation must be reversed and remanded if the firearm conviction is reversed on speedy trial grounds. Cf. Resio v. Commonwealth, 29 Va. App. 616, 622, 513 S.E.2d 892, 895 (1999) (holding that where a revocation is based on the "bare fact" of a conviction, reversal or dismissal of the predicate conviction vitiates the revocation).

We find that appellant's claims fail because we have found no speedy trial violation regarding the firearm conviction. Further, the record establishes that the trial court accepted appellant's stipulation that he had violated probation before any mention was made of appellant's firearm conviction. The court stated that it recalled the facts of the firearm conviction, but it did not rely on the conviction as a basis for revoking appellant's suspended sentence or ordering that appellant serve all of the remaining time. Before imposing sentence, the court stated that appellant had served minimal time on the initial petit larceny charge, as well as on the first probation violation.

Upon finding that appellant was in violation of his probation, the court was obligated to revoke the suspended sentence and it was then in "full force and effect." Code § 19.2-306(C)(ii). The trial court was permitted — but not required — to re-suspend all or part of the sentence. Id.; Alsberry, 39 Va. App. at 320, 572 S.E.2d at 525. Any mitigating factors were subject to whatever weight the court deemed appropriate. See Keselica v. Commonwealth, 34 Va. App. 31, 36, 537 S.E.2d 611, 613 (2000). The record does not support appellant's assertion that the trial

court abused its discretion in revoking appellant's entire remaining suspended sentence. See Du v. Commonwealth, 292 Va. 555, 564-65, 790 S.E.2d 493, 499 (2016) (explaining that a trial court acts within its discretion when it imposes a sentence within the statutory range, thus foreclosing further appellate review); Scott v. Commonwealth, 58 Va. App. 35, 46, 707 S.E.2d 17, 23 (2011) (same).

## CONCLUSION

In sum, appellant's statutory and constitutional speedy trial rights were not violated because appellant did not timely object to continuing the trial from October 20, 2016, and appellant agreed to setting the trial date on March 27, 2017, before he voiced his objection to the continuance. The trial court did not abuse its discretion in revoking appellant's suspended sentence and imposing all the remaining time. We thus affirm the trial court's rulings.

Affirmed.