## Norfolk

### EDWARD BRIAN WILLIAMS

v.

### COMMONWEALTH OF VIRGINIA

No. 0738-85

Decided August 5, 1986

COUNSEL

Richard L. Francis (Francis and Francis, on brief), for appellant.

John H. McLees, Jr. (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BARROW, J.**—This is an appeal of a conviction for escape from the Virginia State Penitentiary in which the appellant contends that he was not brought to trial within the time required by Code § 19.2-243. We agree and reverse.

The appellant's preliminary hearing at which probable cause was found was held on November 13, 1984, and he was tried on May 16, 1985, more than five months later. He was in custody from the time of his arrest until his conviction.

Code § 19.2-243 requires that one held in custody on a felony charge be tried within five months after probable cause is found. Any delay caused by a continuance granted on a defendant's motion is excluded in computing this time period. Code § 19.2-243(4). The Attorney General argues that the appellant's trial was scheduled for April 11, 1985, and was continued on appellant's motion; therefore, the requirement of Code § 19.2-243(4) was fulfilled.

On April 9, 1985, the appellant's court-appointed attorney was permitted to withdraw as counsel. This attorney was first appointed to represent the appellant on October 2, 1984, and was reappointed on January 22, 1985, after the grand jury indicted the appellant. He was permitted to withdraw because he had assumed the position of assistant attorney for the Commonwealth on April 1 and was unable to represent the defendant.[1]

On April 11, 1985, the newly appointed attorney for the appellant and the attorney for the Commonwealth appeared before the trial court. The appellant's counsel objected to "today's proceedings" and said:

> I understand that I was appointed to represent Mr. Williams only the day before yesterday. I first learned of this yesterday afternoon at approximately 1:30 by Mr. Grizzard's [attorney for the Commonwealth] office who informed me that he was setting this case today and I had no input on that whatsoever.
>
> * * *
>
> I was supposed to have been in Suffolk today at ten o'clock. I dropped my matters back there. And now the Commonwealth has tried to put us in the position of asking for a continuance and therefore waiving the five month rule, or to proceed to trial with only a two-day or actually one-day notice, not even twenty-four hours yet.

Although the appellant's attorney declined to request a continuance while insisting that he was not prepared for trial, the court continued the trial "on the motion of the defendant."

Even though the Commonwealth's Attorney said that April 11 was the scheduled trial date, the record does not indicate that the trial was actually scheduled on that date. The record contains no order or decree reflecting that the trial court set the trial date. Only two orders relate to the period between the date of indict-

---

[1] The attorney who withdrew, C.F. Urquhart, III, was replaced by Richard L. Francis who now represents the appellant. We note the issues of conflict of interest raised by the failure of Mr. Urquhart to withdraw prior to his assuming the office of assistant attorney for the Commonwealth and by the failure of the attorney for the Commonwealth to withdraw from the prosecution of the appellant after he employed Mr. Urquhart, but these issues were not raised on appeal.

ment and the date the appellant was finally tried on May 16. The first of these permitted the withdrawal of the appellant's first attorney and the appointment of his second attorney and includes the provision that "this case is continued." However it does not recite that it ever was set for trial before or after that occasion. The second order relates to the proceeding on April 11 and says, "this case is continued on motion of the defendant," but again it does not indicate that the case was ever set for trial either before or after that hearing.

■ In determining responsibility for the delay of a criminal trial, we must confine our review to the record before us. *Godfrey v. Commonwealth*, 227 Va. 460, 464, 317 S.E.2d 781, 783 (1984). Because of the fragility of memories "[r]epresentations of counsel, or even of the trial judge, if not supported by the record, are insufficient." *Id.* A trial court's actions are reflected in the record only through its orders and decrees. *Walker v. Commonwealth*, 225 Va. 5, 8, 301 S.E.2d 28, 29 (1983); *Cunningham v. Smith*, 205 Va. 205, 208, 135 S.E.2d 770, 773 (1964). Consequently, a trial date scheduled by the court in a criminal case must be documented before we may consider it in evaluating trial delay, and no trial date was scheduled by the court in this case.

An indication of who set the case for trial on April 11 appears in the defense counsel's representations to the court on that same day. He said, "I first learned of this . . . by Mr. Grizzard's office who informed me that *he was setting* this case today . . . ." The Commonwealth's Attorney similarly said, "So yesterday . . . I talked to . . . [defense counsel], told him the case had been set for trial today." Apparently the Commonwealth's Attorney determined unilaterally when the case was set for trial.

■ Only the trial court, not the Commonwealth's Attorney, has authority to schedule criminal cases for trial. Code § 19.2-241 provides that "[t]he judge of each circuit court shall fix a day of his court when the trial of criminal cases will commence, and may make such general or special order in reference thereto. . . ." This provision contemplates an orderly procedure for setting criminal cases and expressly places the control of that process under the supervision of the trial court, not a party litigant. *Cf. Woodall v. Laurita*, 156 W. Va. 707, 195 S.E.2d 717, 719 (1973). The policy expressed in this provision recognizes the role of the trial judge in insuring the prompt disposition of criminal cases. *See*

*Standards Relating to the Function of the Trial Judge* § 3.8 (1974); *Standards Relating to Speedy Trial* § 1.2 (1974).

The appellant's trial was not scheduled for April 11. The trial court did not schedule it, and the Commonwealth's Attorney had no authority to schedule it. Moreover the Commonwealth Attorney's attempt to do so was not a sincere attempt to bring the matter to trial. Instead, the proceeding on April 11, following less than twenty-four hours after newly appointed counsel was advised of his appointment and at a time which conflicted with defense counsel's other court engagements, was no more than a transparent attempt to evade the requirement imposed by Code § 19.2-243. Therefore, we conclude that the failure to try the appellant within the time limits of the speedy trial statute was not caused by the appellant's motion to continue a trial scheduled on April 11.

The Attorney General also argues that the appellant received a speedy trial as contemplated by the United States Constitution and the Virginia Constitution and as measured by the case by case balancing test described in *Barker* v. *Wingo*, 407 U.S. 514, 530 (1978). We need not address the constitutional issue but look only to the provisions of Code § 19.2-243. Although this code section embodies these constitutional rights, *Washington* v. *Commonwealth*, 216 Va. 185, 192, 217 S.E.2d 815, 822 (1975), it requires no balancing test but speaks instead in specific and absolute terms.

Its provisions as applied to this case are unambiguous. More than five months intervened between the district court's finding of probable cause and the appellant's trial in circuit court. The record does not reveal that the failure to try the accused within the prescribed time was the result of any of the statutory exceptions. Therefore, he must be "forever discharged from prosecution." Code § 19.2-243.

The trial court erred in failing to grant the appellant's motion to dismiss the indictment for the Commonwealth's failure to try him in accordance with Code § 19.2-243. The judgment of conviction is reversed and the indictment is dismissed.

*Reversed and dismissed.*

Baker, J. and Cole, J. concurred.