COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Benton and Coleman
Argued at Richmond, Virginia


LARRY FURCHES BLEVINS, SR.
                              MEMORANDUM OPINION[*] BY
v.        Record No. 1264-96-3    CHIEF JUDGE NORMAN K. MOON
                                   SEPTEMBER 30, 1997
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF TAZEWELL COUNTY
                     Keary R. Williams, Judge

           Michael Morchower; David L. Scyphers (Anthony
           G. Spencer; Morchower, Luxton & Whaley;
           Johnson, Scyphers & Austin, on briefs), for
           appellant.

           Steven A. Witmer, Assistant Attorney General
           (James S. Gilmore, III, Attorney General, on
           brief), for appellee.


     Larry Furches Blevins, Sr. appeals his jury trial conviction

of forcible sodomy in violation of Code § 18.2-67.1.  Blevins

asserts that (1) the trial court improperly rejected his speedy

trial claim; (2) the evidence was insufficient as a matter of law

to prove intimidation so as to justify a conviction of forcible

sodomy; and (3) the evidence was insufficient to show the intent

necessary to sustain a conviction of forcible sodomy.  We agree

that he was denied a speedy trial, and therefore, we reverse and

dismiss.

     Blevins was charged with forcible sodomy.  At the

preliminary hearing on March 2, 1995, the juvenile court judge

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

found probable cause to certify the charge to the grand jury. The grand jury indicted Blevins on May 9, 1995. Blevins was not held continuously in jail on the charge from the date of the probable cause hearing until trial. At docket call on July 12, 1995, in the absence of the Commonwealth's attorney and Blevins' attorney, the court set the case for trial on October 26, 1995. That date was not convenient for Blevins, so his counsel contacted the Commonwealth's attorney to discuss a continuance. The Commonwealth's attorney prepared an order memorializing the continuance and sent that order to Blevins' attorney, who endorsed it, "Requested," and returned it to the Commonwealth's attorney. However, the order was never presented to the court for entry, and neither party made a motion to continue the case.

The trial court nevertheless found that Blevins requested a continuance and issued an order nunc pro tunc to that effect on March 21, 1996, more than twelve months after the juvenile court's finding of probable cause. Blevins' counsel objected to the court's issuance of the order nunc pro tunc. The court denied Blevins' motion to dismiss, and he was tried and convicted.

### SPEEDY TRIAL AND ORDERS NUNC PRO TUNC

Code § 19.2-243 provides, in pertinent part:
> Where a general district court has found that there is probable cause to believe that the accused has committed a felony, . . . if the accused is not held in custody but has been recognized for his appearance in the circuit court to answer for such offense, he shall be forever discharged from prosecution therefor if no trial is commenced within nine months

- 2 -

from the date such probable cause was found.

The Code further provides that the period of limitation shall be tolled for any period of time that the failure to try the accused was attributable to any of five enumerated causes, including

> [a] continuance granted on the motion of the accused or his counsel, or by concurrence of the accused or his counsel in such motion by the attorney for the Commonwealth, or by failure of the accused or his counsel to make a timely objection to such a motion by the attorney for the Commonwealth . . . .

Code § 19.2-243(4).

This appeal is controlled by Heflin v. Commonwealth, 211 Va. 407, 177 S.E.2d 644 (1970), in which the Supreme Court of Virginia held that although the trial court, after hearing evidence, found that the case had been continued by agreement, because no court entry upon the record reflected such a continuance, the finding could not be accepted. Trial courts may enter orders nunc pro tunc only to correct defects or omissions in the record so as to make the record show what actually took place on a prior occasion. Code §§ 8.01-428(B) and 8.01-677, see Davis v. Mullins, 251 Va. 141, 149, 466 S.E.2d 90, 94 (1996). Because the trial court never considered a motion for a continuance and never ordered a continuance, there was no defect or omission in the record. Therefore, the trial court lacked authority to issue an order nunc pro tunc reciting that a continuance had been granted when in fact the court had not granted a motion for a continuance on the motion of or with the concurrence of the defendant. The nunc pro tunc order is thus

- 3 -

invalid and cannot bar Blevins' speedy trial claim.  Because we find that Blevins was not tried within the time prescribed by Code § 19.2-243, we must reverse the conviction and dismiss the charge.  We need not address Blevins' other questions.

<u>Reversed and dismissed.</u>